VOLODKEVICH, APPELLEE, *v.* VOLODKEVICH, APPELLANT.

[Cite as Volodkevich *v.* Volodkevich (1988), 35 Ohio St. 3d 152.]

(No. 87-62—Decided February 17, 1988.)

*Bruce Parish* and *Richard J. Marco, Jr.,* for appellee.

*Zashin, Rich, Sutula & Monastra Co., L.P.A., Bessie J. Cassaro* and *Robert I. Zashin,* for appellant.

HERBERT R. BROWN, J. To prevail on a motion filed pursuant to Civ. R. 60(B),[1] the movant must demonstrate: (1) that the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); (2) that the party has a meritorious defense or claim to present if relief is granted; and (3) that the motion is made within a reasonable time. See *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus; *Argo Plastic Products Co.* v. *Cleveland* (1984), 15 Ohio St. 3d 389, 391, 15 OBR 505, 506-507, 474 N.E. 2d 328, 330; *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351, 6 OBR 403, 406, 453 N.E. 2d 648, 651. The above three requirements are independent and in the conjunctive. Unless each of the three is satisfied, relief must be denied. *Argo, supra,* at 391, 15 OBR at 507, 474 N.E.

---

[1] Civ. R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

2d at 330; *GTE, supra,* at 151, 1 O.O. 3d at 88, 351 N.E. 2d at 116.

## I

The first issue is whether the appearance of impropriety on the part of a judge is sufficient to support a motion to vacate under Civ. R. 60(B)(5).

Civ. R. 60(B)(5) is a catchall provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking the provision must be substantial. *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, 5 OBR 120, 448 N.E. 2d 1365, paragraphs one and two of the syllabus.

Canon 2 of the Code of Judicial Conduct states that "[a] judge should avoid impropriety and the appearance of impropriety in all his activities." Pursuant to Canon 3(C)(1), "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned * * *." The Code of Judicial Conduct is binding upon all judicial officers of the state. Rule I of the Supreme Court Rules for the Government of the Judiciary of Ohio. The preface to the Code provides that the canons and accompanying text "establish mandatory standards unless otherwise indicated."

Here, it is undisputed that while an attorney, Judge Whitfield modified the parties' wills. Further, the record indicates that the Whitfields and the Volodkeviches were social acquaintances, and that appellee's counsel represented Judge Whitfield on one occasion and Judge Whitfield's son on another occasion.

A judge's participation in a case which gives rise to the appearance of impropriety and possible bias could constitute grounds for relief under Civ. R. 60(B)(5). The facts in this case do create such an appearance.

## II

We next consider whether a meritorious claim exists. For purposes of Civ. R. 60(B), the movant's burden is to allege a meritorious claim, not to prevail with respect to such claim. See *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 247, 18 O.O. 3d 442, 444, 416 N.E. 2d 605, 608, fn. 3. In the case before us, the question is: Would the decision of the trial court have been different if Judge Whitfield had stepped aside?

The court of appeals finds comfort in: (1) Judge Whitfield's decision was previously affirmed, (2) no abuse of discretion was found with respect thereto, and (3) the affidavit filed with the Supreme Court of Ohio did not support a finding of prejudice, according to the entry (signed by the Chief Justice) which removed Judge Whitfield.

The problem is, as Judge William R. Baird states in his dissent below, that the decision by Judge Whitfield was not the only one which could have been made. Another judge might have made a different allocation between the parties and that decision might also have been affirmed on appeal because the standard of review is abuse of discretion. Accordingly, we find that appellant meets the requirement of showing a meritorious defense.

## III

Finally, we address the timeliness of appellant's motion. A Civ. R. 60(B) motion must be made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. Civ. R. 60(B). See, also, *GTE, supra.*

The final judgment entry of divorce was journalized on July 21, 1982. Appellant's motion to vacate was filed on July 11, 1985. Appellant urges that the motion was made within a reason-

able time since (1) her former attorney was unaware of the judge's relationship to the parties and opposing counsel, and (2) she promptly filed her motion after Judge Whitfield's removal on April 22, 1985. These arguments fail for the following reasons.

The social relationship between the parties and Judge Whitfield was within the personal knowledge of appellant during the pendency of the divorce proceedings. So was the fact that he had prepared joint wills for them. Accordingly, appellant has shown no persuasive basis for waiting three years to file a Civ. R. 60(B) motion.

A party who knows of a reason which may disqualify a judge bears a responsibility to raise a timely objection — even if the matter is one which should prompt a judge to remove himself *sua sponte*. While the timeliness of a Civ. R. 60(B) motion should be considered on the totality of facts in each case, the gist of post-trial relief is to remedy an injustice resulting from a cause that could not reasonably be addressed during the ordinary trial and appellate proceedings. The Rules of Civil Procedure do not invite a party to take a chance on a decision in the hope that a second bite is available if the outcome proves disappointing. Here, appellant did not file her motion until more than two and one-half years after the date on which the court of appeals rendered its decision affirming the divorce judgment, terminating the litigation between the parties.

We find that appellant's motion was not filed within a reasonable time as required by Civ. R. 60(B)(5). Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

LOCHER and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I cannot concur in today's decision. Under these facts, I believe appellant is entitled to relief from judgment.

The sole basis on which the majority rests its analysis and conclusion is the alleged untimeliness of appellant's Civ. R. 60(B) motion. On April 22, 1985, Judge Whitfield was removed from this case to avoid the appearance of impropriety. On July 11, 1985, less than three months later, appellant filed her Rule 60(B) motion. I agree with the comment of Judge William R. Baird in his dissent filed in the case in the court of appeals that "[t]he third requirement, that of timeliness, does not seem to be a problem in light of the promptness with which the 60(B) proceedings ensued after the removal of the original judge." Furthermore, I agree with Judge Maxwell's opinion in the trial court, which reasoned that given appellant's limited command of the English language, combined with the failure of appellee's counsel to disclose all pertinent facts as to the relationship between himself and the court, a finding of timeliness was justified.

In my view, the trial court did not err in granting appellant's motion to vacate Judge Whitfield's rulings, at least those relating to sustenance alimony and property division. Appellant had been married to appellee for over thirty years. During that time, she reared their four children, managed their household and aided appellee in the progress of his career. Appellant has no formal education and no marketable work skills. Her ability to communicate in English is limited, her health is not good, and she is now in her sixties. It would seem, therefore, that appellant's prospects of adequate gainful employment are slim, if, in

fact, under these circumstances she should even be expected to seek work outside her home. I do not believe that three years of sustenance alimony for such a person is even minimally sufficient. Similarly, the requirement that the marital property be sold, at public auction if no acceptable offer is received within a year, is unreasonably harsh.

Even more importantly, however, I believe that it is an absolute necessity for anyone involved in litigation to be assured of an impartial hearing before an independent, neutral judge. Our system of justice cannot survive without retaining the faith of the public in the essential fairness of the judicial process. Courts have no police force or military organization to enforce their decrees. The rule of law and obedience to court orders emanates only from the premise that cases are decided fairly by an independent arbiter not obligated in fact or appearance to either of the parties or to other outside influences. To merit the public's trust, the system must strive constantly to purge itself of any trace of bias, prejudice or corruption.

Of course, we cannot know with certainty whether Judge Whitfield was actually prejudiced against appellant in this case, and clearly he is entitled to the benefit of any doubt. However, under the circumstances, the appearance of possible bias was definitely present, and, in fact, the Chief Justice removed the judge from any further proceedings in this case after he had made the decision herein questioned. It is uncontroverted (and in fact admitted) that Judge Whitfield, who gave the appellee-husband what some might consider a very favorable decision, was a social friend of the parties, that appellee's counsel had represented Judge Whitfield in a zoning case, that the judge had performed legal work for the parties, and that appellee's counsel had rendered advice to the judge's son in an extremely delicate matter involving a possible criminal investigation. In addition, the appellee's adjusted gross incomes for the three years preceding the first appeal in this case were $83,000, $114,000, and $88,000, respectively. In the face of these healthy sums, Judge Whitfield awarded appellant alimony of $2,000 per month for one year, followed by $1,000 per month for two years, thereby reducing by two years the five-year alimony period recommended by the referee. I am in complete agreement with the views expressed by Justice Locher in his dissent to *Beer* v. *Griffith* (1978), 54 Ohio St. 2d 440, 8 O.O. 3d 438, 377 N.E. 2d 775. Justice Locher reasoned that where a relationship exists between a judge and counsel, the judge bears the burden of disclosing that relationship, and absent such disclosure, the entire proceeding should be considered void *ab initio. Id.* at 443-444, 8 O.O. 3d at 440, 377 N.E. 2d at 777.[2]

As the majority announces in its syllabus today, the appearance of impropriety may constitute grounds for relief under Civ. R. 60(B)(5). On this ground, I believe the trial court correctly granted appellant's Rule 60(B) motion.

I would reverse the judgment of the court of appeals with regard to sustenance alimony and property division only, preserving only the decree of divorce. The cause should then be remanded for hearing by a new judge, who should consider the criteria in

---

[2] In the instant cause, no purpose would be served by invalidating *all* the rulings entered by Judge Whitfield, as no one would argue that the decree of divorce should be vacated.

R.C. 3105.18 relating to alimony and the issue of property division.

LOCHER, J., concurs in the foregoing dissenting opinion.