OPINION
 "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF OF JUDGMENT AS THE SAME IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
On October 25, 1995, appellee filed a landlord's complaint to regain possession of property. Appellant, a corporation, rented property from appellee to operate a bar.
Appellee alleged that appellant had defaulted in rent payments beginning on September 1, 1995. At a hearing on November 15, 1995, the parties stipulated that judgment could be entered in appellee's favor. However, appellee would not seek a writ of restitution if appellant abided by a payment plan, which required appellant to pay past due rent in installments on November 17, 1995, December 15, 1995, and January 15, 1996, with any balance to be paid by March 1, 1996. Appellant was also to resume regular monthly rental payments, including real estates taxes, beginning on January 2, 1996. If appellant defaulted, appellee could apply for a writ of restitution after first serving an affidavit of default upon appellant.
Appellee served an affidavit of default upon appellant on February 8, 1996. Appellee alleged that appellant had not paid real estate taxes for January 1996. On February 9, 1996, appellee requested a writ of restitution from the court. The court issued the writ on February 15, 1996.
On February 20, 1996, the court ordered the writ to be stayed until a hearing could be conducted upon appellant's motion to quash execution of the writ. Appellant argued it had paid all installments and taxes due for January 1996. The court scheduled a hearing to consider appellant's motion to quash execution of the writ for February 26, 1996.
On February 26, 1996, the court continued the hearing on appellant's motion to quash the writ until March 12, 1996 so that documentary evidence could be presented to support appellant's claim that he had made all of January's payments timely. Other than appellant's canceled check showing he paid appellee $246 for real estate taxes, no other documentary evidence appears in the record on appeal.
However, on the same day, February 26, 1996, appellee served a second affidavit of default to appellee by hand-delivery at the rental property. Appellee alleged that appellant had paid the sum of $1,000 on January 18, 1996, instead of when due on January 15, 1996, and had not paid rent or taxes for February 1996. Appellee's application for a second writ of restitution was granted that day.
On March 7, 1996, appellee filed a notice to voluntarily dismiss the first writ of restitution. The notice contained a certificate of service indicating that appellee served the notice to appellant's attorney that same day by ordinary mail.
On March 12, appellant's sole shareholder appeared in court for the hearing on appellant's motion to quash execution of the first writ. It is not clear from the record whether appellant's attorney was also present in court. Apparently, the trial court told appellant that the case had been dismissed. The record reveals that the trial court dismissed the entire case that day.
However, on March 19, 1996, the trial court corrected that entry by vacating the dismissal of the case. Instead, the trial court dismissed only the first writ of restitution issued on February 15, 1996, as appellee had originally requested. A court notice, dated March 20, 1996, contained the correcting journal entry and was addressed to both parties' attorneys.
On March 29, 1996, the court issued a second writ of restitution. On April 4, 1996, appellant was evicted.
On March 31, 1997, appellee filed a motion for relief from judgment under Civ.R. 60(B)(1), (3), (4), and (5). Appellant alleged that it had, in fact, paid January real estate taxes and rent on time, which "substantially complied" with the parties' stipulated agreement of November 15, 1995. Appellant emphasized it had presented evidence of payment in court on February 26, 1996 in order to secure a stay of execution of the first writ until the court could hear appellant's motion to quash the writ. Appellee countered that the motion was untimely because it was not filed within the one-year time limitation for matters brought under Civ.R. 60(B)(1) or within a reasonable time. Appellee further argued that appellant's claims for relief under Civ.R. 60(B)(4) and (5) were not supported by the record.
After the trial court requested information on the timeliness of Appellant's motion for relief from judgment, appellant submitted evidence that its shareholder had been out of the country for approximately nine months beginning in May 1996. Appellant submitted other evidence, which suggested that instead of a continuous nine-month absence, he may have taken several trips out of the country beginning in July 1996. The trial court denied the motion for relief from judgment without explanation.
On appeal, appellant contends that the trial court never allowed it to present documentary evidence that it had paid January 1996 payments to disprove appellee's allegations in its first affidavit to secure the first writ of restitution. Although appellant suggests it was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), appellant's argument on appeal concerns only Civ.R. 60(B)(1) grounds: mistake, inadvertence, surprise, or excusable neglect.
In turn, appellee argues that appellant's Civ.R. 60(B) was not filed within a reasonable time as required by Civ.R. 60(B). In support, appellee has attached three pieces of correspondence and a bankruptcy notice that were never made part of the trial court record, which we will not consider on appeal. See State v. Robinson (1978), 53 Ohio St.2d 211. Appellee also argues that appellant did not demonstrate that it had a meritorious defense.
An appellate court reviews whether a trial court abused its discretion when denying a motion for relief for judgment under Civ.R. 60(B). Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion requires more than an error of law or judgment and connotes that a trial court's attitude in reaching its decision was arbitrary, unreasonable, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
Civ.R. 60(B) provides in relevant part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * *"
To succeed on a motion seeking relief from judgment under Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Where a movant does not adequately demonstrate one of the three requirements set forth in GTE Automatic Elec., a trial court must deny relief under Civ.R. 60(B). See Volodkevich v. Volodkevich
(1988), 35 Ohio St.3d 152, 153.
The trial court did not abuse its discretion when it denied appellant's motion for relief from judgment under Civ.R. 60(B)(1). For purposes of Civ.R. 60(B), the movant's burden is to allege a meritorious claim, not to prevail with respect to such a claim. Volodkevich, 35 Ohio St.3d at 154. While a meritorious defense may arise where a trial court grants a writ of restitution to restore rental premises to a lessor even though facts remained in dispute as to whether the lessee was in default, the facts do not support such a defense in this case. Appellant's potential meritorious defense regarding the first writ of restitution became moot when the trial court dismissed the first writ of restitution. That writ was based on appellee's allegations that appellant had not paid January 1996 real estate taxes timely. Any hearing to present evidence about timely payment of those taxes was no longer needed after appellee requested a second writ on different grounds. The second writ was premised upon the allegations that the January 1996 past due rent was not paid timely and that February 1996 rent and real estate taxes had not been paid. Appellant produced no evidence in the trial court to suggest appellee's allegations of nonpayment for the month of February 1996, as set forth in the second affidavit of default, were incorrect.
The trial court's erroneous dismissal of the entire lawsuit, instead of just the writ of restitution as appellee requested, understandably may have caused appellant to be confused about the status of the matter. However, appellee's attorney certified that a copy of appellee's notice of voluntary dismissal of the first writ of restitution had been sent to appellant's counsel on the day it was filed. Appellant has not claimed that it did not receive the notice of voluntary dismissal or the second affidavit of default. Although the trial court initially erred by dismissing the entire case instead of just the first writ of restitution, the court subsequently corrected that error with notice to appellant's counsel. Consequently, appellant could not allege a meritorious defense and was not entitled to relief under Civ.R. 60(B)(1) based on mistake, inadvertence, surprise, or excusable neglect.
Appellant has presented no arguments on appeal to explain why a motion for relief from judgment should have been granted under Civ.R. 60(B)(3), (4), or (5). After a thorough and independent review of the record, we found no basis upon which the trial court could have premised relief from judgment for fraud or misrepresentation under Civ.R. 60(B)(3). Likewise, we could find no basis for the trial court to grant relief from judgment on the basis that a judgment has been satisfied, released, or discharged pursuant to Civ.R. 60(B)(4). In light of our decision on the merits of appellant's arguments premised upon Civ.R. 60(B)(1), we found no other reason justifying relief from judgment.
Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds substantial justice was done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.