This is an appeal from a Hocking County Common Pleas Court judgment granting a Civ.R. 60(B) motion for relief from judgment filed by Jennifer Elizabeth DeBacker, defendant below and appellee herein.
Daniel James DeBacker, plaintiff below and appellant herein, raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT SINCE NEITHER THE MOTION NOR THE EVIDENCE PRESENTED AT THE HEARING SATISFIED THE REQUIREMENTS FOR RELIEF FROM JUDGMENT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE APPELLANT THE OPPORTUNITY TO PRESENT HIS WITNESSES DURING THE FEBRUARY 3, 1998, HEARING."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT STRIKING THE TESTIMONY OF APPELLEE'S WITNESS, LISA CARTER."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED ERROR WHEN IT ALLOWED THE TESTIMONY OF APPELLEE'S WITNESS, MARTHA MCDANIEL."
Our review of the record reveals the following facts pertinent to this appeal. On January 10, 1997, the parties entered into a separation agreement. On January 13, 1997, the parties filed a petition for dissolution of marriage. On February 13, 1997, the trial court issued a decree of dissolution of marriage.
On October 22, 1997, appellee filed a Civ.R. 60(B) motion for relief from the trial court's January 13, 1997 decree of dissolution. In her motion, appellee asserted that she was entitled to relief from the trial court's dissolution decree because she received an inequitable distribution of property as a result of undue influence and duress. Specifically, appellee claimed that appellant threatened to harm her if appellee contested the parties' property division.
On February 3, 1998, the trial court held a hearing to consider appellee's motion for relief from judgment. At the hearing, appellee presented evidence. During the course of the hearing appellant attempted to introduce a witness who would testify about improvements he made to appellant's home. The trial court did not permit appellant to introduce this evidence, noting that the witness' testimony was not relevant to whether appellee voluntarily signed the dissolution decree and separation agreement.
On February 20, 1998, the trial court granted appellee's motion for relief from judgment. The trial court concluded that appellee was entitled to relief from judgment pursuant to Civ.R. 60(B)(3) and (5). The court specifically found that appellee filed the motion within a reasonable time and that appellee did not voluntarily sign the dissolution decree or the separation agreement.
Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant asserts that the trial court erred by granting appellee's motion for relief from judgment. We disagree with appellant.
Initially, we note that a trial court has broad discretion in ruling on a Civ.R. 60(B) motion. Accordingly, a reviewing court should not reverse a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of discretion. Moore v. EmmanuelFamily Training Ctr. (1985), 18 Ohio St.3d 64, 66,479 N.E.2d 879, 882; Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418,579 N.E.2d 234, 238; LaBonte v. LaBonte (1988), 61 Ohio App.3d 209,572 N.E.2d 704. An abuse of discretion implies more than an error of law or judgment. Rather,
 "[t]he term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."
Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87,482 N.E.2d 1248, 1252. Thus, an abuse of discretion will not be found when the reviewing court simply could maintain a different opinion were it deciding the issue de novo. An abuse of discretion indicates an attitude that is unreasonable, arbitrary, or unconscionable. AAAA Enterprises, Inc. v. RiverPlace Community Redevelopment Corp. (1990), 50 Ohio St.3d 157,161, 553 N.E.2d 597, 601.
In GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus, the court set forth the requirements of a Civ.R. 60(B) motion:[2]
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under on e of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *."
Civ.R. 60(B) does not require the movant to prove that he will ultimately prevail on the merits. Rather, the rule simply requires the movant to allege a meritorious defense or claim.Colley v. Bazell (1980), 64 Ohio St.2d 243, 247 n. 3,416 N.E.2d 605, 608. If the movant fails to satisfy any of the three GTE
requirements, the trial court should overrule the motion.Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, 153,518 N.E.2d 1208, 1210; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351, 453 N.E.2d 648, 651.
In the case at bar, we do not believe that the trial court abused its discretion by granting appellee's Civ.R. 60(B) motion for relief from judgment. We agree with the trial court's conclusion that appellee satisfied the threeGTE requirements for a successful Civ.R. 60(B) motion: (1) appellee alleged a meritorious defense; (2) appellee established that she was entitled to relief under Civ.R. 60(B)(3) or (5); and (3) appellee filed her motion within a reasonable time.
Appellee's motion asserted that if the trial court granted her motion for relief from judgment, she would have a meritorious defense to present. Appellee contended that in the separation agreement, appellant failed to disclose certain assets, failed to equitably divide the property, and procured appellee's agreement through undue influence and duress. Based upon the testimony presented at the Civ.R. 60(B) hearing, the trial court agreed with appellee. We note that the trial court is in the best position to resolve factual questions and to evaluate witness credibility. We find no abuse of discretion.
We further agree with the trial court's conclusion that appellee established that Civ.R. 60(B)(3) or (5) entitled appellee to relief. The trial court concluded that appellee alleged sufficient operative facts demonstrating that appellant engaged in misconduct by failing to disclose certain assets and by threatening and intimidating appellee.
Finally, we agree with the trial court that appellee filed her motion within a reasonable time. Thus, we do not believe that the trial court abused its discretion by granting appellee's Civ.R. 60(B) motion for relief from judgment.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the trial court committed reversible error by not permitting appellant to introduce witnesses during the motion for relief from judgment hearing.
We certainly agree that a trial court generally should allow the nonmovant in a Civ.R. 60(B) motion for relief from judgment hearing the opportunity to present witnesses to rebut the movant's evidence. We further believe, however, that the witness' testimony must be relevant to the issues raised in the movant's Civ.R. 60(B) motion.
In the case at bar, the trial court apparently concluded that appellant's witnesses' testimony had no relevance to appellee's claim that appellant subjected her to undue influence and duress in the signing of the separation agreement and dissolution decree. Rather, it appears from the record that the witness would have testified about the valuation of property. We do not believe that the trial court committed prejudicial error by denying appellant the opportunity to present the witness.
We further note that our review of appellant's second assignment of error is limited due to appellant's failure to proffer the witness' testimony. See Evid.R. 103(A). Having failed to proffer the witnesses' testimony, appellant has waived any purported error in this regard. See Bentivegna v.Sands (July 9, 1991), Athens App. No. 90 CA 1453, unreported;State v. Kyle (Dec. 12, 1996), Athens App. No. 96 CA 1729, unreported.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III
Appellant's third and fourth assignments of error are interrelated, both addressing the propriety of the trial court's decision to allow certain testimony into evidence. We will, therefore, address the two assignments of error together.
In his third assignment of error, appellant asserts that the trial court erred by failing to strike the testimony of Lisa Carter, appellee's witness. Appellant moved the court to strike the following testimony: "[Appellant] said if [appellee] tried to get any of the property or anything that they would carry her out in a body bag." Appellant contends that Carter's testimony violated Evid.R. 404(A)'s prohibition against character evidence.
In his fourth assignment of error, appellant alleges that the trial court committed error by allowing Martha McDaniel to testify that appellee stated that appellant had been threatening her. Appellant asserts that McDaniel's testimony amounted to impermissible hearsay.
Appellee argues that Carter's testimony did not amount to impermissible character evidence. Appellee asserts that Carter's testimony was not offered, as appellant contends, to prove that appellant possesses a propensity to threaten appellee. Rather, appellant states, Carter's testimony demonstrated that appellant, in fact, threatened to harm appellee if appellee contested the division of property.
Appellee maintains that pursuant to Evid.R. 801(D)(1)(b), McDaniel's testimony did not constitute hearsay. Appellee asserts that McDaniel's testimony was not offered to prove that appellant in fact threatened appellee. Rather, appellee argues that McDaniel's testimony merely helped demonstrate that appellee had not fabricated her claim that appellant threatened her. Thus, appellee asserts that the trial court did not abuse its discretion by refusing to strike Carter's testimony or by permitting McDaniel to testify.
We note that a trial court enjoys broad discretion when it determines whether to admit or to exclude evidence. SeeRigby v. Lake Cty (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056;Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,482 N.E.2d 1248. Accordingly, absent an abuse of discretion, an appellate court may not reverse the trial court's decision. As we discussed under appellant's first assignment of error, an abuse of discretion connotes more than an error of law or judgment. Id. Rather, an abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181. Furthermore, when determining whether the trial court abused its discretion, an appellate court is not free to substitute its judgment for that of the trial court.Id.; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301, 1308.
We agree with appellee that Carter's testimony did not violate Evid.R. 404(A)'s prohibition against character evidence. Carter's testimony was not offered to establish that appellant had a propensity to threaten appellee. Instead, Carter's testimony helped establish appellee's claim that appellant subjected appellee to undue influence and duress in the signing of the separation agreement and the dissolution decree. We find no abuse of discretion with the trial court's decision to permit the testimony.
Additionally, we agree with appellee that McDaniel's testimony did not amount to hearsay. Evid.R. 801(D)(1)(b) provides that a statement is not hearsay if:
 "(1) * * * [t]he declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (b) consistent with his testimony and is offered to rebut an express or implied charge against him or recent fabrication or improper influence or motive * * *."
Appellee, the declarant, testified at the hearing and was subjected to cross-examination. Furthermore, the statement was consistent with appellee's testimony that appellant had threatened her. Finally, the statement was offered to rebut the charge that appellee fabricated the claim that appellant threatened her.
Accordingly, based upon the foregoing reasons, we overrule appellant's third and fourth assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Grey, J.:* Concur in Judgment Opinion
For the Court
 BY: __________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] Civ.R. 60(B) provides relief from a final judgment for the following pertinent reasons:
 (3) fraud * * * misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.
* Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.