DECISION
{¶ 1} Appellants, Theodore and Laura Browning, filed a complaint against appellee, Oakwood Management Company and Donald W. Kelley, for damages to their apartment resulting from a fire. Appellants alleged appellees permitted furniture, bedding and household appliances to be stacked against the exterior of the building and that the fire alarm in the apartment was not working.
 {¶ 2} Appellees filed an answer, interrogatories and a request for production of documents. Appellants failed to comply and appellees filed a motion to compel, to which appellants failed to respond. The trial court ordered appellants to comply with the discovery request no later than April 30, 2001. Appellants failed to do so. On May 7, 2001, appellees filed a motion to dismiss and for sanctions. Appellants filed their responses to the interrogatories and request for production of documents on May 25, 2001. The trial court was apparently unaware a response had been filed and, on June 1, 2001, dismissed appellants' complaint with prejudice. Apparently, neither party received notice of the June 1, 2001 entry, as the parties continued to prosecute the action.
 {¶ 3} In July 2001, appellees filed a second motion to compel. Appellees claimed appellants' responses to the discovery and production requests were inadequate, and they had failed to agree to schedule a date for depositions. Once again, appellants failed to respond. On August 31, 2001, the trial court overruled the motion to compel because it had dismissed the case June 1, 2001. Although both parties received notice of this entry, no appeal was taken.
 {¶ 4} On August 30, 2002, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5), on the basis there had been a change in attorneys in the firm representing appellants and their failure to comply with the discovery requests was the result of excusable neglect, that they had a meritorious claim and that the motion was timely, as it was filed within one year. The trial court overruled the motion and appellants set forth the following assignments of error:
 {¶ 5} "I. The trial court erred to plaintiffs' prejudice by granting defendants' motion to dismiss.
 {¶ 6} "II. The trial court abused its discretion by overruling defendants' motion for Civ.R. 60(B)(1) and (5) and failing to grant plaintiffs' relief from the court's June 1, 2001 order granting motion to dismiss."
 {¶ 7} Appellants' assignments of error are related and will be addressed together. Appellants argue that the trial court erred in failing to grant Civ.R. 60(B) relief from its June 1 and August 31, 2001 entries dismissing appellants' complaint with prejudice.
 {¶ 8} Civ.R. 60(B) provides, in part:
 {¶ 9} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 10} In GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the court set forth the requirements a movant must demonstrate in order to prevail upon a motion for Civ.R. 60(B) relief as follows:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} The moving party must establish the three requirements separately and the test is not met if any one of the requirements is not met. The granting or denying of a motion for relief from judgment, pursuant to Civ.R. 60(B), is within the sound discretion of the trial court and the court's ruling will not be reversed absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A motion for relief from judgment is not a substitute for an appeal. Doe v. Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128. Rather, a motion for relief from judgment provides for a collateral attack upon a voidable judgment.
 {¶ 13} Although appellants argue that they are seeking relief pursuant to Civ.R. 60(B)(5) as well as Civ.R. 60(B)(1), the basis for their claim for relief is excusable neglect which is specifically governed by Civ.R. 60(B)(1). Civ.R. 60(B)(5) is a catchall provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. Volodkevich v. Volodkevich (1988),35 Ohio St.3d 152. It is not, however, to be used where a more specific ground for relief is available. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64.
 {¶ 14} A motion pursuant to Civ.R. 60(B)(1) must be made within a reasonable time, but not more than one year after judgment. A motion may be filed within one year after the entry or order, but may still be considered as not being filed within a reasonable time. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97. The determination of whether a motion was filed within a reasonable time depends on the facts of each case. Volodkevich.
 {¶ 15} While appellants may not have been aware of the June 1, 2001 entry dismissing the case with prejudice, they admittedly were aware of the August 31, 2001 entry but offer no explanation for their failure to wait until one day short of the maximum time for filing the motion for relief from judgment. In the absence of an explanation for appellants' delay in filing the Civ.R. 60(B) motion, it was not an abuse of discretion for the trial court to determine that the motion was not timely filed.
 {¶ 16} Inasmuch as appellants failed to timely file the motion, they are not entitled to relief from judgment and we need not address whether they have asserted a meritorious claim or whether excusable neglect existed so as to excuse their failure to address the discovery issues.
 {¶ 17} Therefore, for the foregoing reasons, appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.