OPINION
{¶ 1} Sylvia DeFranco appeals from the judgment of the Geauga County Court of Common Pleas, denying her motion for relief from judgment pursuant to Civ. R. 60(B)(5). We affirm.
 {¶ 2} In February 1990, then Munson Township Zoning Inspector Anthony Caprez brought an action for injunctive relief against George and Salvatore Paolucci, the owners of a ten-acre piece of property located at 11522 Mayfield Road, Munson Township, Geauga County, Ohio. The action concerned the Paoluccis' failure to obtain *Page 2 
a permit for an addition to a structure the Paoluccis' described in their answer to the complaint as a "storage shed." The action was filed by then Assistant Geauga County Prosecutor Forrest W. Burt, who termed the structure a "dwelling" in the third paragraph of the complaint. After four months, the action was evidently settled, and dismissed.
 {¶ 3} The deposition of Mr. George Paolucci, taken in 2004, is of record. In that, he testified he built the 20' by 32' foot building in question sometime in the 1980's, and that it included a kitchen, bathroom, and other living facilities, including a small waste disposal system. He testified he used it not merely for storage, but as a vacation cottage. The Geauga County Auditor's Geographic Information System ("GIS") contains an estimate that the structure in question was built in 1940. At the trial of this matter, a representative of the auditor's office testified that the estimates of building construction dates are often inaccurate.
 {¶ 4} Ms. DeFranco purchased the 11522 Mayfield Road property from the Paoluccis at some point in 1990. She has a greenhouse on the property, and commercially raises water lilies and Koi fish. From 1990 until 1998, her son, Anthony, lived in the 20' by 32' foot building. The trial court found that Anthony raised cattle and chickens, but that this was not his primary source of income. After Anthony moved out, others, including a caretaker for the property, have lived in the 20' by 32' structure. The trial court found no evidence that any of these persons worked on Ms. DeFranco's agricultural operations.
 {¶ 5} May 29, 2003, the new Munson Township Zoning Inspector, Donald T. Zambory, initiated an action for injunctive relief regarding the 11522 Mayfield Road property. He sought to enjoin Ms. DeFranco from using the 20' by 32' structure as a *Page 3 
dwelling without: (1) obtaining a variance from section 411 of the Munson Township Zoning Resolution ("MTZR"), governing the minimum square footage for single-story residences, that being 1,600 square feet; (2) obtaining a permit from the Geauga County Health District or Ohio Environmental Protection Agency verifying that an on-site wastewater disposal system had been secured pursuant to section 1201.01 of the MTZR; and (3) obtaining a zoning certificate pursuant to section 1201 of the MTZR. Ms. DeFranco answered; and, discovery ensued. Trial was had before now Judge Forrest W. Burt on October 27, 2004, and January 14, 2005. March 8, 2005, the trial court issued its decision, including findings of fact and conclusions of law. The trial court issued the injunction prayed for by Mr. Zambory.
 {¶ 6} Ms. DeFranco did not appeal this decision.
 {¶ 7} Evidently, Ms. DeFranco became involved in a legal action against George and Salvatore Paolucci, in Lake County, Ohio. She testifies, by affidavit, that while doing online research, she first discovered that Judge Burt had represented the former Munson Township Zoning Inspector in the 1990 injunction action against the Paoluccis, involving the 11522 Mayfield Road property. She further testifies that Judge Burt never informed her of this during the pendency of the action filed by Mr. Zambory against her.
 {¶ 8} November 16, 2007, Ms. DeFranco filed a motion for relief from judgment in the injunction action against her. Citing to Volodkevich v.Volodkevich (1988), 35 Ohio St.3d 152, Ms. DeFranco alleged she was entitled to relief from judgment. In Volodkevich, at the syllabus, the Supreme Court determined that "[a] judge's participation in a case which gives rise to the appearance of impropriety and possible *Page 4 
bias could constitute grounds for relief from judgment under Civ. R. 60(B)(5)." Ms. DeFranco alleged that Judge Burt's prosecution of the 1990 zoning action against the Paoluccis, concerning the same piece of property, gave rise to an appearance of impropriety.
 {¶ 9} By an order filed January 16, 2008, the presiding judge of the Geauga County Court of Common Pleas ordered this action removed from Judge Burt's docket, and transferred to Judge David L. Fuhry. January 24, 2008, Mr. Zambory filed his brief in opposition to Ms. DeFranco's motion for relief from judgment. February 1, 2008, Ms. DeFranco replied.[1]
 {¶ 10} February 7, 2008, the trial court filed its judgment entry, denying Ms. DeFranco's motion.
 {¶ 11} March 4, 2008, Ms. DeFranco timely noticed this appeal, assigning a single error:
 {¶ 12} "The trial court erred and abused its discretion in denying the Defendant's Motion for Relief from Judgment."
 {¶ 13} We review a trial court's decision to grant or deny a Civ. R. 60(B) motion for abuse of discretion. Ludlow v. Ludlow, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864, at ¶ 24. An abuse of discretion is no mere error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v. Ferranto (1925),112 Ohio St. 667, 676-678. *Page 5 
 {¶ 14} Civ. R. 60(B) provides, in pertinent part:
 {¶ 15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 16} "Civ. R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice. To prevail on a motion pursuant to Civ. R. 60(B), the movant must demonstrate: `(* * *) (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time (* * *).' GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146 * * *, at paragraph two of the syllabus. These requirements are conjunctive; not disjunctive. Id. at 151."Ludlow, supra, at ¶ 23. (Parallel citation omitted.)
 {¶ 17} As noted above, in Volodkevich, the Ohio Supreme Court determined that, when a judge's participation raises an appearance of impropriety or possible bias, then *Page 6 
Civ. R. 60(B)(5), the "catchall" provision of that rule, may provide relief. Civ. R. 60(B)(5) "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment."Volodkevich at 154. "However, the grounds for invoking the provision must be substantial." Id., citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, at paragraphs one and two of the syllabus. According to the Volodkevich court, the question to be asked when a party moves for relief on the basis of an appearance of judicial impropriety is: "Would the decision of the trial court have been different if [the trial judge] had stepped aside?" Volodkevich at 154.
 {¶ 18} We see no basis for concluding the decision of the trial court would have been different in this case, whether Judge Burt, or any other judge, had presided over the action for injunction against Ms. DeFranco.
 {¶ 19} First, we note that Ms. DeFranco has failed to provide us with the transcript of the two-day trial before Judge Burt. This was her burden, and alone might justify a finding that she has failed to meet the first prong of the GTE test. As the Seventh Appellate District noted recently in a similar case:
 {¶ 20} "[Appellant] argues the trial court was biased against her, but her motion contains no description of the facts that were introduced at trial or how the trial court's alleged bias affected its judgment of those facts. There is no indication of how the outcome of the trial would have been any different if another judge heard the case. Thus, [appellant's] motion failed to satisfy the first prong of GTEAutomatic's test." Williams v. Vahila, 7th Dist. No. 06 CA 832,2007-Ohio-730, at ¶ 28.
 {¶ 21} Similarly, in the case instant, the absence of a transcript or other evidence appropriate under App. R. 9 to exemplify the error alleged, requires us to assume the *Page 7 
regularity of the proceedings below. Cf. State v. Pflug, 6th Dist. No. OT-05-060, 2007-Ohio-2037, at ¶ 32.
 {¶ 22} Further, such evidence as exists in the record on appeal shows Ms. DeFranco fails to meet the first prong of the GTE test, applicable to Civ. R. 60(B) proceedings; i.e., that she has a meritorious defense or claim to present if relief were granted. Ms. DeFranco alleges she possesses three meritorious defenses.
 {¶ 23} First, she notes that in the 1990 action against the Paoluccis, then Assistant Prosecutor Burt described the 20' by 32' structure in question as a "dwelling" in the complaint he filed. Ms. DeFranco essentially argues this amounted to an admission by the former Zoning Inspector and Assistant Prosecutor Burt that the structure is, in fact, an abode — contrary to the conclusions made by Judge Burt in the action against her.
 {¶ 24} This argument fails for two reasons, one logical, one legal.
 {¶ 25} First, as a matter of logic, assuming that then Assistant Prosecutor Burt believed the structure in question was a dwelling in 1990, presumably, he would be disposed to find the same as Judge Burt in the 2003-2005 injunctive action against Ms. DeFranco. That is, he would be biased in favor of her position, if biased at all. However, insofar as can be gleaned from the record before us, Judge Burt did exactly what everyone would expect: he heard the evidence presented at trial, and concluded the subject structure was not a dwelling, and not grandfathered under the MTZR. We have no transcript to tell us otherwise.
 {¶ 26} Legally, Ms. DeFranco seems to contend that the use of the term "dwelling" in the complaint in the 1990 action against the Paoluccis has a preclusive *Page 8 
effect: i.e., the former Zoning Inspector and then Assistant Prosecutor Burt found the subject structure to be a dwelling almost two decades ago, and no different conclusion may now be had.
 {¶ 27} We respectfully disagree. While not fully capable of categorization, Ms. DeFranco's argument is nearest to arguing that the present Zoning Inspector (and Judge Burt), were collaterally estopped from finding the subject structure to be anything except a dwelling. But collateral estoppel only applies when a fact or issue has been actually litigated in a prior action, and passed upon by a court of competent jurisdiction. Yeager v. Ohio Civil Rights Commission, 11th Dist. No. 2005-T-0149, 2006-Ohio-5178, at ¶ 23. Suffice it to say, the status of the structure does not appear to have been in question in the 1990 proceeding: merely whether the Paoluccis had obtained a permit to make an addition. Further, that action was settled between the parties, and never passed on by a court. The fundamental question presented in the later action against Ms. DeFranco concerned whether she used the structure as a dwelling, and whether that was appropriate under the MTZR.
 {¶ 28} Second, Ms. DeFranco argues there is a question of fact concerning the date of the structure's construction, thus raising the issue of whether it was grandfathered under the MTZR. This matter was at issue in the trial court in 2004 and 2005, and was dealt with by the trial court in its original decision in this case. Ms. DeFranco did not appeal that decision; Civ. R. 60(B)(5) is no substitute for direct appeal. Snow v. Brown, 10th Dist. No. 04AP-507, 2005-Ohio-2333, at ¶ 15.
 {¶ 29} Third, Ms. DeFranco argues that the structure's use as a dwelling is incidental to her agricultural operations, and that both the MTZR, and R.C. 519.21(A), *Page 9 
exempt structures incidental to agricultural uses from the operations of township zoning laws. Again, this matter was tried to the trial court, and disposed of in its March 8, 2005 decision granting the injunction against Ms. DeFranco. Having failed to appeal this determination then, she cannot avoid it under the rubric of Civ. R. 60(B). Snow at ¶ 15.[2]
 {¶ 30} Finally, this case shows none of the indicia of potential judicial bias which led the Ohio Supreme Court to find an appearance of impropriety in Volodkevich. Id. at 154. In that case, the trial judge had: (1) represented the parties in a will modification; (2) was a social acquaintance of the parties; (3) had been represented by counsel for one of the parties; and (4) that same counsel had represented the trial judge's son. Id. In this case, Judge Burt simply filed a complaint, fourteen years previous, on behalf of the Munson Township Zoning Inspector — one of his duties as an assistant prosecutor. None of the potential personal or professional connections which raised an appearance of impropriety in Volodkevich exist.
 {¶ 31} Thus, since Ms. DeFranco makes no showing of a meritorious defense or claim to present should relief from judgment be granted, the assignment of error lacks merit.
 {¶ 32} The judgment of the Geauga County Court of Common Pleas is affirmed. *Page 10 
 {¶ 33} "Appellant's Oral Argument Rebuttal Brief," construed by this court as a motion to file said brief instanter, with brief attached, and appellee's motion to strike said brief, are overruled.
 {¶ 34} It is the further order of this court that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
TIMOTHY P. CANNON, J., concurs in judgment only,
DIANE V. GRENDELL, P.J., concurs in judgment only with a Concurring Opinion.
[1] Her reply brief was stricken by the trial court by a judgment entry filed February 14, 2008.
[2] At oral argument, Ms. DeFranco's counsel inquired of this court how he might respond to certain allegedly untrue statements or arguments presented by counsel for Mr. Zambory. There being no specific provision in the Appellate Rules for such a filing, this panel suggested he might move the court for permission to file a further brief. On or about August 7, 2008, Ms. DeFranco's counsel filed "Appellant's Oral Argument Rebuttal Brief." We respectfully note that this does not quite comply with this court's suggestion of a motion for permission to file, but, nevertheless, construe the brief as a motion to file, instanter, with brief attached. On or about August 12, 2008, counsel for Mr. Zambory moved to strike "Appellant's Oral Argument Brief." The rebuttal brief has been reviewed by this court, though not considered in rendering this opinion. We respectfully note that each point raised in it is either factual, not related to the specific issues raised on this appeal, or relates to matters at issue in the 2004-2005 trial of this case. Without a transcript of that proceeding (or any appeal from the trial court's decision), we simply cannot reach these points now.