[Cite as *In re A.K.*, 2011-Ohio-4536.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

IN THE MATTER OF: A.K., C.K. and Z.K.,
Minor Children                                              :

                               :           C.A.    CASE    NO.
2011 CA 4

                               :          T.C. NO.    2007J108
                      2007J109
                      2007J110
                             :
                      (Civil appeal from Common
                 :        Pleas    Court,
Juvenile Division)

                               :

                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   9th   day of   September  , 2011.

. . . . . . . . . .

BRIAN L. KINTER, 362 East Madison Avenue, Springfield, Ohio 45503
      Plaintiff-Appellant

RONALD TOMPKINS, Atty. Reg. No. 0030007, 19 Pearce Place, Urbana, Ohio
43078
      Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Brian Kinter appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment.

{¶ 2} In his sole assignment of error, Kinter contends the trial court erred in denying Civ.R. 60(B) relief on the basis that his December 14, 2010 motion was untimely.

{¶ 3} The present appeal stems from a protracted custody dispute between Kinter and Jenise Boltz, the mother of his three children, A.K., C.K., and Z.K. Ultimately, a magistrate concluded that Boltz should be the legal custodian and that Kinter should have visitation rights. Kinter filed objections, which the trial court overruled on July 24, 2009. Kinter appealed the trial court's ruling on August 19, 2009. This court affirmed on June 25, 2010. See *In re A.K., C.K., Z.K.*, Champaign App. No. 09-CA-32, 2010-Ohio-2913.

{¶ 4} On December 14, 2010, Kinter filed a pro se motion for Civ.R. 60(B) relief from the trial court's judgment granting Boltz legal custody. In support, he alleged fraud by Boltz and by the court. The trial court denied Kinter's motion on December 20, 2010. In a short entry, the trial court reasoned: "As for Mr. Kinter's Rule 60(B) Motion, the Court finds that this motion was not timely filed. It is clear that the basis of the Motion is fraud. Civil Rule 60(B) is clear that a motion on the basis of fraud must be filed within one (1) year of the judgment in question. In this matter, judgment was filed on July 24, 2009, almost seventeen (17) months prior. In addition, during that intervening time, an appeal of the July 24, 2009, [j]udgment was filed and ruled upon." This appeal followed.

{¶ 5} "To prevail on a motion under Civ. R. 60(B), the movant must

demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. * * * Where the grounds for relief are Civ. R. 60(B)(1), (2), or (3), the motion must be made not more than one year after the judgment, order, or proceeding was taken." *Kelly v. Kelly*, Champaign App. No. 2008 CA 28, 2009-Ohio-6586, ¶17 (citations omitted). We review a trial court's ruling on a Civ.R. 60(B) motion for an abuse of discretion. Id. at ¶16 (citation omitted).

{¶ 6} On appeal, Kinter contends the trial court erred in denying his motion as untimely. He argues that a judgment tainted by fraud may be challenged any time. (Appellant's brief at 15-16). He also raises an issue about disqualification and recusal of the magistrate and judge who participated in his case below. He asserts that these individuals exhibited bias against him and should have recused themselves. According to Kinter, their failure to do so entitled him to vacation of the trial court's judgment. (Id. at 17-19). For her part, Boltz has not filed an appellee's brief.

{¶ 7} In resolving Kinter's timeliness argument, we first must determine the nature of the   alleged fraud. As set forth above, the trial court held that a Civ.R. 60(B) motion alleging fraud must be filed within one year of the judgment from which relief is sought. This is only partially true. When fraud between the parties is alleged under Civ.R. 60(B)(3), the rule imposes a one-year time limit. But when fraud upon the court is alleged, the applicable provision is Civ.R. 60(B)(5), which authorizes relief from judgment "for any other reason justifying relief." A Civ.R. 60(B)(5) motion must be filed "within a reasonable time," which may exceed one year.

{¶ 8} The Ohio Supreme Court recognized the foregoing distinction in *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 15, stating:

{¶ 9} "'Fraud upon the court' is an elusive concept. * * * One commentator, however, had provided this definition: '"Fraud upon the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, *inter parties*, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) [sic] or to the independent action.' 7 Moore's Federal Practice (2 Ed.1971) 515, Paragraph 60.33 (citations omitted).

{¶ 10} "* * * [I]n the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment."

{¶ 11} In the present case, Kinter failed to specify whether he brought his motion under Civ.R. 60(B)(3) or 60(B)(5). To the extent that Kinter's motion alleged fraud between the parties (i.e., fraud committed by Boltz), the trial court correctly found the motion untimely. As set forth above, a Civ.R. 60(B) motion alleging fraud by one party against another must be filed within one year of the challenged judgment. The trial court filed its judgment on July 24, 2009. Kinter moved for Civ.R. 60(B) relief on December 14, 2010, well beyond the one-year time limit. Therefore, the motion

was untimely to the extent that it arose under Civ.R. 60(B)(3).[1]

{¶ 12} We note, however, that Kinter's Civ.R. 60(B) motion also alleged fraud by the magistrate and trial court judge involved in his case. This species of fraud, which might be characterized as judicial fraud, is more akin to fraud upon the court than it is fraud between the parties. Therefore, it falls under Civ.R. 60(B)(5) and must be raised within a reasonable time. Cf. *Volodkevich v. Volodkevich* (1988), 35 Ohio St.3d 152, 154 (recognizing that appearances of impropriety and judicial bias could provide grounds for relief under Civ.R. 60(B)(5)).

{¶ 13} Although the trial court did not address the issue of timeliness under Civ.R. 60(B)(5), a review of Kinter's motion reveals that the trial court nevertheless reached the correct result when it denied relief. In his motion, Kinter asserted that the magistrate who ruled against him previously had been involved in her own child-custody case. He further complained that the magistrate ignored evidence in his favor, accepted mere "allegations" against him, and displayed bias in favor of Boltz during the custody hearing and in her written decisions. With regard to the trial court, Kinter argued in his motion that the court failed to address the merits of his objections, made false statements in overruling the objections, and, again, exhibited a general bias against him. In his motion for Civ.R. 60(B) relief, Kinter asserted that these acts of the magistrate and the trial court constituted fraud, entitling him to relief from

---

[1] Parenthetically, we note that the filing of Kinter's direct appeal on August 19, 2009 did not extend the time for seeking Civ.R. 60(B) relief. "We have held that an appeal from the trial court does not toll the time for filing a [Civ.R. 60(B)] motion." *Clark v. Dyer* (Nov. 23, 1990), Greene App. No. 90 CA 29, citing *Swain v. Watts* (Mar. 3, 1986), Mont. App. No. 9423; *Chapman v. Chapman*, Montgomery App. No. 21244, 2006-Ohio-2328, ¶32 (Grady, J., concurring) ("[P]endency of an appeal prevents a trial court from ruling on a Civ.R. 60(B) motion. * * * However, pendency of an appeal has no effect on when the one-year period for filing a Civ.R. 60(B)(1) motion commences to run."); but, see, *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 290 (holding that an appeal tolls Civ.R. 60(B)'s one-year time limit).

judgment.

{¶ 14} Having reviewed Kinter's motion, we doubt whether his allegations constitute "fraud" for purposes of Civ.R. 60(B)(5). In any event, even if the alleged conduct of the magistrate and trial court could be characterized as fraud cognizable under Civ.R. 60(B)(5), Kinter's own motion makes clear that he was aware of the fraud (1) at the time of the hearing before the magistrate, (2) when the magistrate issued her decision, and (3) when the trial court overruled his objections. Throughout his motion, Kinter relied on testimony that was given and statements that were made during the hearing. He also relied on the contents of the magistrate's and the trial court's written decisions in his case. Thus, Kinter's motion itself established that, with possibly one exception, the fraud he alleged was reflected in the record below.[2]

{¶ 15} This fact is significant for at least two reasons. First, given that the alleged fraud was apparent on the face of the record, Kinter's delay of nearly a year and a half before seeking Civ.R. 60(B) relief was not reasonable as a matter of law. Therefore, the trial court properly denied relief. Second, even if Kinter had sought Civ.R. 60(B) relief immediately after the trial court entered judgment against him, he

---

[2] The one exception concerns Kinter's allegation that the magistrate who presided over his hearing previously had been involved in her own child-custody case. Kinter does not appear to have discovered this alleged fact until sometime after the magistrate ruled against him. In any event, assuming arguendo that a prior custody dispute necessarily prejudiced the magistrate against Kinter, the trial court was required to conduct an independent review to resolve his objections, engaging in de novo review of the facts. See, e.g., *DeWitt v. Myers*, Clark App. No. 08-CA-86, 2009-Ohio-807. This independent review would remedy any defect in the magistrate's preliminary analysis. This is so because "[t]he trial court should not adopt challenged [magistrate's] findings of fact unless the trial court fully agrees with them-that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the [magistrate], independently reaches the same conclusion." *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 233. Consequently, the critical issue for present purposes is whether the *trial court* engaged in any fraud in overruling Kinter's objections to the magistrate's decision. See *Woody v. Woody*, Athens App. No. 09CA34, 2010-Ohio-6049, ¶17 n.1 (noting that "it is the trial court's decision, not the magistrate's, that an appellate court reviews"). On that issue, Kinter relies on the trial court's written findings and rulings, which are part of the record below.

would not have been entitled to it. "[T]he gist of post-trial relief is to remedy an injustice resulting from a cause that could not reasonably be addressed during the ordinary trial and appellate proceedings." *Volodkevich*, 35 Ohio St.3d at 155. In other words, "Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull County Children Services Bd.* (1986), 28 Ohio St.3d 128, 131. Because Kinter raised, or could have raised, his complaints about the trial court's rulings on direct appeal, we would find no basis for relief under Civ.R. 60(B)(5) even if his motion were timely.

{¶ 16} Finally, we find no merit in Kinter's argument about the magistrate and the trial court judge failing to disqualify and recuse themselves. Although Kinter does not appear to have sought recusal, the Ohio Supreme Court has recognized that appearances of impropriety and judicial bias may provide grounds for relief under Civ.R. 60(B)(5). *Volodkevich*, 35 Ohio St.3d at 154. The primary basis Kinter cited for disqualification of the magistrate, however, was her involvement in her own prior child-custody case. Even if this involvement somehow biased the magistrate against Kinter, the trial court's independent, de novo review cured it. As for the trial court judge, Kinter primarily argued that disqualification was justified based on bias exhibited in the judge's rulings against him. As we explained above, any such bias reflected in the record either was, or should have been, raised as an issue on direct appeal. Thus, it is not a proper basis for Civ.R. 60(B) relief. *Volodkevich*, 35 Ohio St.3d at 155; *Doe,* 28 Ohio St.3d at 131.

{¶ 17} Based on the reasoning set forth above, we overrule Kinter's assignment of error and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . .

FAIN, J., and VUKOVICH, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Brian L. Kinter
Ronald Tompkins
Hon. Lori L. Reisinger