REICHERT, APPELLANT, *v.* REICHERT, APPELLEE.

(No. 11920—Decided May 1, 1985.)

*Michael C. Conway,* for appellant.
*David A. Lieberth,* for appellee.

MAHONEY, J. Appellant, Richard A. Reichert, appeals an order of the Summit County Court of Common Pleas granting appellee Janet Reichert's motion for relief from the court's earlier judgment. We affirm.

Richard and Janet were divorced on December 27, 1982. Thereafter the issues of alimony, child support, and the division of marital property were the subject of a hearing before a referee. A medical deposition concerning the state of Janet's health was filed with the court, accepted by the referee, and declared a part of the record. After the hearing, the referee made recommendations to the court on the issues involved, one of which was that Richard pay Janet $175 per month as alimony. These recommendations were approved and included in the court's first order on August 1, 1983.

Janet brought a direct appeal from this judgment, *Reichert v. Reichert* (Dec. 27, 1983), Summit App. No. 11352, unreported, which was dismissed for failure to file a timely notice of appeal in accordance with App. R. 4.

On June 1, 1984, Janet filed a motion for relief from judgment pursuant to Civ. R. 60(B) after discovering that a medical deposition referred to by both parties during the hearing was unopened and in its original seal in the court file. She contends that this is conclusive evidence that neither the referee nor the judge in rendering their respective recommendations and decision considered the deposition. Janet and Richard each filed memoranda concerning this motion. After a hearing on the matter, the trial court granted Janet's motion and vacated its previous judgment order. Richard now appeals the granting of this Civ. R. 60(B) motion.

Assignment of Error

"It was in error to vacate the judgment below as Rule 60(B) of the Ohio Rules of Civil Procedure is inapplicable in this instance."

In considering the question of alimony, a court is obliged to consider the physical conditions of the parties. R.C. 3105.18(B)(2). The court therefore should have considered the deposition which it acknowledged was in the court record and would be considered. Civ. R. 60(B)(5) allows for vacation of judgments under the following circumstances:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: * * * (5) any other reason justifying relief from the judgment. * * *"

This rule empowers a court to vacate a judgment if it is in the interest of justice and relieves a party from the unjust operation of a judgment. In *State, ex rel. Gyurcsik,* v. *Angelotta* (1977), 50 Ohio St. 2d 345, 346 [4 O.O.3d 482], our Supreme Court said:

"The staff notes for the fifth ground of Civ. R. 60(B) state that it is based upon Fed. R. Civ. P. 60(b)(6) and is intended as a catch-all provision. It is characterized further as reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Justice Black, in *Klapprott* v. *United States* (1949), 335 U.S. 601, modified (1949), 336 U.S. 942, recognizing that the 'other reason' clause made available all equitable grounds for relief from a final judgment, said, at pages 614, 615:

" 'In simple English, the language of the "other reason" clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' "

In this case it was an injustice for the trial court not to consider the medical deposition which it was obliged to consider under R.C. 3105.18(B)(2) relating to Janet's health.

Appellant's assignment of error is overruled. The judgment is affirmed.

*Judgment affirmed*

GEORGE, P.J., and QUILLIN, J., concur.