VOLODKEVICH, APPELLEE, *v.* VOLODKEVICH, APPELLANT.

[Cite as *Volodkevich v. Volodkevich* (1988), 36 Ohio St. 3d 612.]

(No. 87-62—Decided May 4, 1988.)

*Bruce Parish* and *Richard J. Marco, Jr.,* for appellee.

*Zashin, Rich, Sutula & Monastra Co., L.P.A., Bessie J. Cassaro* and *Robert I. Zashin,* for appellant.

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

LOCHER and DOUGLAS, JJ., concur in part and dissent in part.

SWEENEY, J., dissents.

DOUGLAS, J., concurring in part and dissenting in part. I agree that appellant's motion for reconsideration should be granted, but I do not agree with the limited nature of the relief afforded in our order today.

The majority grants appellant's motion for reconsideration only "to the extent that the cause is remanded to the trial court in order to establish a record upon which the allegations made by appellant can be considered." I fear that this order will result only in more interminable and unnecessary delays. By ordering a remand, the majority acknowledges that the process which culminated in the judgment challenged by appellant was possibly tainted to such a degree that it will have to be vacated. This disposition may give appellant a glimmer of hope, but the light does not cast its rays far or brightly enough. Pursuant to this order, the trial court must conduct a hearing to resolve the allegations made by appellant.[1] The judge must then decide, based on the evidence adduced, whether the judgment entered by Judge Whitfield was so infected by bias or prejudice that vacating the judgment is warranted. If the judge finds that such bias existed, then a new hearing must be held on the merits. This

---

[1] It is unclear what the majority would have the trial judge do. Is the judge supposed to determine if the autopsy in question was performed by appellee as reported by at least two of Ohio's largest newspapers? Is the judge mandated to determine the validity or any of the surrounding circumstances of the autopsy? Must witnesses from the criminal case be called and/or will the reporters who reported the autopsy story have to testify to establish the autopsy and who performed it? Will a death certificate suffice?

It would seem that this omnibus remand is ripe for bringing about a "trial within a trial."

process could take many months. By the time appellant can obtain a hearing cleansed of taint, any additional financial support to which she may be entitled will have been delayed so long as to make little difference.

Furthermore, an order, entered pursuant to Civ. R. 60(B), vacating a previous judgment is a final appealable order within the meaning of R.C. 2505.02. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 149-150, 1 O.O. 3d 86, 88, 351 N.E. 2d 113, 115. If the trial judge, after a hearing on remand, again issues an order vacating Judge Whitfield's judgment, that order will no doubt be subjected to another round of appeals, delaying the final disposition of this case by another year or two. It must be remembered that Lydia Volodkevich is now in her sixties, and that justice delayed is justice denied.

Delay is not the only problem which today's decision will cause. The majority's order will also create a great deal of confusion on remand. Consider the following. Our order today grants appellant's motion for reconsideration without vacating our previous opinion in this case. In that opinion, the majority ruled that appellant's Civ. R. 60(B) motion was not timely filed. *Volodkevich* v. *Volodkevich* (1988), 35 Ohio St. 3d 152, 154-155, 518 N.E. 2d 1208, 1211-1212. By remanding the cause to the trial court for a consideration of appellant's allegations, the majority obviously contemplates the possibility that these allegations may warrant vacating Judge Whitfield's judgment pursuant to appellant's Rule 60(B) motion. How is this stance to be reconciled with this court's ruling that the Rule 60(B) motion was untimely filed, a ruling that has never been vacated or overruled? Surely appellee will assert the defense of *res judicata,* arguing that this court

has already ruled that appellant's motion was untimely and therefore cannot be granted no matter what new evidence is adduced. What can the trial judge be expected to do in the face of such an argument?

In my view, our original disposition of this case was wrong. *Volodkevich* · v. *Volodkevich, supra,* at 155-157, 518 N.E. 2d 1208, 1212-1213 (Douglas, J., dissenting). Under the circumstances of this case, the judgment entered by Judge Whitfield was void *ab initio* and the order vacating it should have been upheld. It bears repeating that this court, through its then Chief Justice, removed Judge Whitfield from this case after his initial decision and the filing of an affidavit of disqualification against the judge. The basis of the removal was to avoid even the appearance of impropriety. When, within a reasonably short period of time, a new trial judge was appointed to hear appellant's Rule 60(B) motion, the newly assigned judge promptly vacated Judge Whitfield's order. This was clearly understandable given the newly discovered relationship between Judge Whitfield and Dr. Volodkevich. It will be recalled that Judge Whitfield was a social friend of the parties, that the judge had performed legal work for the parties, and that counsel for Dr. Volodkevich had represented Judge Whitfield in a zoning case and had rendered advice to the judge's son in an extremely delicate matter involving a possible criminal investigation. As if this were not enough, Judge Whitfield's order *reduced* by two years the five-year alimony period recommended by the referee. This decreased appellant's alimony to $2,000 per month for one year, followed by $1,000 per month for two years, to be paid by a man whose adjusted gross incomes for the three years preceding the first appeal in this case were $83,000,

$114,000 and $88,000, respectively. This court should simply acknowledge that appellant was not afforded due process and ensure that justice is administered in the speediest and most effective manner possible.

Accordingly, I would grant the motion for reconsideration, but without requiring a new hearing on the allegations advanced by appellant. Instead, I would vacate this court's previous decision in this case and remand for a new hearing on the merits of appellant's claims relating to alimony and property division.

LOCHER, J., concurs in the foregoing opinion.