[Cite as *Myers v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1412.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Craig Myers,                                  :

       Plaintiff-Appellee,          :                No. 21AP-106
                                     (Ct. of Cl. No. 2019-00261JD)

v.                                            :

                                     (REGULAR CALENDAR)

Ohio Department of Rehabilitation and         :
Correction,

                                     :

       Defendant-Appellant.          :

D E C I S I O N

Rendered on April 28, 2022

**On brief:** *Ohio Justice & Policy Center*, *Gabriel M. Fletcher*, and *Mark Vander Laan*, for appellee. **Argued:** *Gabriel M. Fletcher*.

**On brief:** *Dave Yost*, Attorney General, *Lauren D. Emery*, and *Michelle Brizes*, for appellant. **Argued:** *Michelle Brizes*.

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1} Defendant-appellant, Ohio Department of Rehabilitation and Correction ("ODRC"), appeals from a judgment of the Court of Claims of Ohio granting plaintiff-appellee's motion for relief from judgment. The judgment of the Court of Claims of Ohio is affirmed.

## I. Facts and Procedural History

{¶ 2} In July 2017, appellee was an inmate in the custody and control of appellant at the Allen-Oakwood Correctional Institution. According to appellee, he informed ODRC's employees that other inmates, including his cellmate, Brock Daniels, were planning to

assault him because appellee had given a note to a corrections officer ("CO"), regarding conduct in the cell block and the CO read the note aloud in the presence of other inmates.

{¶ 3}   At trial, appellee presented evidence that he informed the CO he feared for his safety and needed protection from Daniels, but the CO told him that he was not sure he could help appellee because of a staffing shortage on the holiday.  Appellee was not afforded any additional protection and on July 4, 2017, he was attacked by Daniels and injured.

{¶ 4}   On February 28, 2019, appellee filed his complaint against ODRC in the Court of Claims of Ohio alleging negligence.  On February 6, 2020, a magistrate of the court of claims conducted a bench trial at the correctional institution.  On June 8, 2020, the magistrate issued a decision recommending judgment for appellee.

{¶ 5}   The magistrate found that appellee proved he sustained injuries on July 4, 2017, when he was assaulted by his cellmate, and that ODRC was at fault because it had constructive notice of the impending assault.  Accordingly, the magistrate found in favor of appellee on his negligence claim and recommended judgment for appellee.  On the issue of appellee's damages, however, the magistrate found that appellee "produced very little evidence" to establish the extent of his injuries and the magistrate recommended a damage award of only $1,000.

{¶ 6}   Appellee timely filed objections to the magistrate's decision arguing that the magistrate erred in valuing appellee's damages at $1,000 without providing a fair and reasonable opportunity to present evidence on the nature and extent of his injuries.

{¶ 7}   In overruling appellee's objection and adopting the magistrate's decision, the court of claims concluded that appellee's failure to file a trial transcript in support of his objection required the court to accept the magistrate's factual findings and restrict its review to the magistrate's legal conclusions.  The court of claims noted that the issues of liability and damages had not been bifurcated for trial and appellee, pro se, was obligated to produce evidence to establish the extent of his injuries.  Based on the magistrate's finding that appellee produced very little evidence on the issue of damages, the court of claims, on August 3, 2020, overruled appellee's objection, adopted the magistrate's recommendation, and awarded appellee $1,000.

{¶ 8}   Appellee timely appealed to this court from the August 3, 2020 judgment.  On November 9, 2020, while appellee's appeal from the August 3, 2020 judgment was pending

in case No. 20AP-419, appellee filed a motion for partial relief from judgment, pursuant to Civ.R. 60(B), in the court of claims. Appellee, represented by counsel, submitted the trial transcript with the motion. On December 3, 2020, this court issued a journal entry staying the appeal in case No. 20AP-419 and remanding the matter to the court of claims to hear and determine appellee's motion for partial relief from the August 3, 2020 judgment.

{¶ 9} On February 8, 2021, the court of claims issued a decision granting the motion for partial relief from judgment upon finding that a serious misunderstanding occurred at the trial regarding damages. The court of claims scheduled the case for an evidentiary hearing to redetermine appellee's damages.

{¶ 10} Appellant filed a timely notice of appeal to this court from the February 8, 2021 judgment and appellee filed a motion to dismiss the appeal arguing the February 8, 2021 judgment, was not a final, appealable order because the issue of appellee's damages had not yet been determined. In a memorandum decision issued by this court on July 13, 2021, we denied the motion to dismiss the appeal concluding the February 8, 2021 judgment "fits within the language of R.C. 2505.029(B)(3) and is a final, appealable order." (July 13, 2021 Memo Decision at 5.)

## II. Assignment of Error

{¶ 11} Appellant assigns the following error for our review:

> The Court of Claims erred awarding Plaintiff relief under Ohio Rule of Civil Procedure 60(B)(5).

## III. Standard of Review

{¶ 12} A trial court's ruling on a motion for relief from judgment, pursuant to Civ.R. 60(B), will not be disturbed on appeal absent a showing of abuse of discretion. *Retirement Mgt. Co. v. Nsong*, 10th Dist. No. 15AP-876, 2017-Ohio-5869, ¶ 15, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *Nsong* at ¶ 15; *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

## IV. Legal Analysis

### A. Assignment of Error

{¶ 13} In appellant's sole assignment of error, appellant asserts that the court of claims erred when it granted appellee relief, pursuant to Civ.R. 60(B)(5), from the August 3, 2020 judgment. I disagree.

{¶ 14} To prevail under Civ.R. 60(B), the movant must show that (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996); *see also GTE Automatic Elec., Inc.* at 151 (finding that the requirements under Civ.R. 60(B) "are independent and in the conjunctive, not the disjunctive").

{¶ 15} " 'Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource LLC v. Garner*, 10th Dist. No. 11AP-1038, 2012-Ohio-2080, ¶ 16, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. "The grounds for invoking this provision should be substantial." *Star Merchandise, LLC v. Haehn*, 10th Dist. No. 16AP-39, 2016-Ohio-8018, ¶ 32, citing *Caruso-Ciresi* at paragraph two of the syllabus. " 'The key requirements of Civ.R. 60(B)(5) are extraordinary circumstances and undue hardship.' " *Haehn* at ¶ 32, quoting *State ex rel. Minnis v. Lewis*, 10th Dist. No. 93AP-812, 1993 Ohio App. LEXIS 6458 (Dec. 30, 1993).

{¶ 16} Relief under Civ.R. 60(B)(5) may be granted for court errors and omissions, "which are 'distinct' from mere errors in judgment that can be remedied through a timely appeal." *In re J.W.*, 9th Dist. No. 26874, 2013-Ohio-4368, ¶ 30, citing *In re S.J.*, 9th Dist. No. 23199, 2006-Ohio-6381, ¶ 23. For example, an attorney's abandonment of a client may constitute an extraordinary circumstance justifying relief under Civ.R. 60(B)(5). *Smith v. Gilbert*, 2d Dist. No. 2014-CA-81, 2015-Ohio-444, ¶ 14. Similarly, the Supreme Court of Ohio has held that "fraud upon the court" falls within the realm of Civ.R. 60(B)(5). *Coulson v. Coulson*, 5 Ohio St.3d 12 (1983), paragraph one of the syllabus. Additionally, "[a] judge's

participation in a case which gives rise to the appearance of impropriety and possible bias could constitute grounds for relief under Civ.R. 60(B)(5)." *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154 (1988), *reconsideration granted in part*, 36 Ohio St.3d 612 (1988).

{¶ 17} This court has previously determined, however, that Civ.R. 60(B)(5) is not available to correct legal errors in judgments. For example, an assertion that the trial court committed a mistake of law when it granted summary judgment in favor of appellee is not the basis for relief from judgment under Civ.R. 60(B)(5). *Haehn* at ¶ 33. It is also true that a party may not predicate a Civ.R. 60(B) motion for relief from judgment on issues that could have been corrected by timely appeal. *Id.*

{¶ 18} The court of claims determined that this case presented extraordinary circumstances justifying relief under Civ.R. 60(B)(5) from the unjust operation of the court's prior judgment. The court of claims described the extraordinary circumstances justifying relief as follows:

> When deciding whether extraordinary relief is justified, the Court believes it must take into consideration all the surrounding circumstances and determine whether a reasonable person in the same or similar position would have made the same decision. Plaintiff is an inmate in the custody of Defendant who participated in a trial held at a state institution. The parties agree that Plaintiff actively prosecuted his case at every stage of this case. It is also undisputed that Plaintiff dismissed medical witnesses that he had subpoenaed to testify at trial. The Court finds that Plaintiff, through his motion and attachments, established that it was his intention to present damages evidence on the day of trial. It was only after he heard opposing counsel and the magistrate state several times that the only important issue needing addressed at trial was whether Defendant had notice of the attack that Plaintiff began dismissing the witnesses there to testify regarding his injuries. Furthermore, Defendant also dismissed its medical witnesses. Additionally, Plaintiff limited his own testimony to the issue of liability. Upon review of the record, the Court finds that, absent the unique circumstances presented at this trial proceeding, Plaintiff reasonably would have called at least some of the subpoenaed medical witnesses to testify or, at the very least, provided testimony of his own regarding his injuries. Accordingly, the Court finds that relief from judgment is justified pursuant to Civ.R. 60(B)(5).

(Feb. 8, 2021 Decision at 17.)

{¶ 19} Appellee maintains that the record in this case supports the trial court's determination that relief under Civ.R. 60(B)(5) was warranted. I agree.

{¶ 20} There is no dispute that the trial at the correctional institution was not bifurcated as to the issues of liability and damages and that evidence relevant to both liability and damages would be received at the trial. Nevertheless, the trial transcript shows that prior to hearing the evidence, the magistrate made the following comment on the record: "One thing I would say before we start is, I- -, I- - just looking at the number of witnesses that have been listed on these pretrial statements, and I wanted to talk to everybody before we got started." (Feb. 6, 2020 Tr. at 6.) The transcript reveals that a confusing colloquy subsequently ensued regarding the particular liability question at issue. Immediately following this discussion, the magistrate commented as follows: "So, just to focus, *all we're really concerned about today* is whether ODRC had notice of this assault. With that in mind, I'm hoping that can eliminate quite a few witness conflicts." (Emphasis added.) (Tr. at 9.) The magistrate subsequently informed appellee: "I don't want to get too bogged down in calling it an assault or a fight. I mean *the important part is, did they have notice of the altercation*." (Emphasis added.) (Tr. at 11.) The magistrate's comment was followed up with the following colloquy:

> The Court: I mean that's all that really matters. So I guess, Mr. Myers with that in mind, I kind of would forewarn you that I reserve the right - - if I'm hearing things I don't really think are relevant to the decision, I might just ask you to move along or say, hey, we don't really need to hear.
>
> Mr. Myers: Absolutely
>
> The Court: Okay.

(Tr. at 11.)

{¶ 21} The trial transcript evidences the fact that appellee believed, based on the statements made by the magistrate, that the court would only be entertaining evidence on the issue of ODRC's notice of the impending assault. At one point during appellee's case in chief, the magistrate asked appellee "who do you think you'll be calling after Mr. Simonson?" Appellee responded "since they're [sic] not moving to any kind of healthcare stuff. I think we'll wrap it up with Ms. Sherman." (Tr. at 31-32.)

{¶ 22} After receiving the testimony of Ms. Sherman regarding the liability issue, the court bailiff informed the magistrate that "some medical staff [are] downstairs, and they told me about medical because they're all here." The bailiff's notification to the magistrate prompted the following discussion:

> The Court: It sounded to me like we weren't calling the medical people.
>
> Mr. Myers: Yeah.
>
> [Counsel for Defendant]: We don't intend to - -
>
> Mr. Myers: No, I - -
>
> [Counsel for Defendant]: Okay, so I can - - who can I release, then?
>
> The Court: Let me - - one second. I just want to make it clear on the record. There's a lot of people talking. We - - all the parties agree we're not calling the medical folks?
>
> Mr. Myers: Absolutely, yes, sir.
>
> [Counsel for Defendant]: Just to confirm, you're okay with releasing Dental Hygienist Ann Lovejoy?
>
> Mr. Myers: Yes.
>
> [Counsel for Defendant]: Okay. And Nurse Practitioner Tyler Niese?
>
> Mr. Myers: Yes.
>
> [Counsel for Defendant]: Okay. And Nurse Brooke Shaw?
>
> Mr. Myers: Yes.

(Tr. at 53-55.)

{¶ 23} The above-cited transcript references and the record of proceedings in the court of claims support the conclusion that appellee was unfairly prevented from introducing evidence as to the nature and extent of his physical and emotional injuries because of comments by the magistrate, on the record, which created confusion as to the issues to be determined at trial. The record also supports the conclusion by the court of claims that "absent the unique circumstances presented at this trial proceeding, [appellee] would have reasonably called at least some of the subpoenaed medical witnesses to testify or, at the very least, provided testimony of his own regarding his injuries." (Decision at 17.)

**{¶ 24}** ODRC first contends that the trial court erred when it considered appellee's pro se inmate status as a factor supporting relief under Civ.R. 60(B)(5). I disagree.

**{¶ 25}** This court has stated that " '[c]ourts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system.' " *Gamble Hartshorn, LLC v. Lee*, 10th Dist. No. 17AP-35, 2018-Ohio-980, ¶ 26, quoting *Dayton Power & Light v. Holdren*, 4th Dist. No. 07CA21, 2008-Ohio-5121, ¶ 12. We have also noted " '[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute "excusable neglect" under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious illness.' " *Gamble Hartshorn, LLC* at ¶ 29, quoting *Yuhanick v. Cooper*, 7th Dist. No. 96-CO-45, 1998 Ohio App. LEXIS 5527 (Nov. 16, 1998).

**{¶ 26}** It is reasonable to conclude from the transcript that appellee was dissuaded by the magistrate from producing witness testimony and other evidence regarding the extent and nature of his injuries. In my view, the transcript permits an inference that appellee was given the impression by the magistrate that he would have an opportunity to present such evidence at a subsequent proceeding.

**{¶ 27}** It is not lost on this court that appellee's opportunity to prepare his case for trial was necessarily more difficult given his status as an inmate in the custody and control of ODRC, the opposing party. For example, R.C. 5120.21(C)(2) " 'imposes a limitation on an inmate's right of access to his own medical records as a restriction on his liberty imposed incident to his incarceration.' " *Nicely v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-187, 2009-Ohio-4386, ¶ 9, quoting *Goings v. Dept. of Rehab. & Corr.*, 10th Dist. No. 90AP-1041, 1991 Ohio App. LEXIS 2527 (May 28, 1991). Under R.C. 5120.21(C)(2), an inmate may obtain copies of his own medical records only "[u]pon the signed written request of the inmate to whom the record pertains together with the written request of either a licensed attorney at law or a licensed physician designated by the inmate." In *Goings*, this court rejected an inmate's argument that R.C. 5120.21(C)(2) unfairly limited his right to prosecute a civil action against ODRC because it requires him to find a sympathetic physician willing to request his records.

**{¶ 28}** Moreover, the trial in this matter was conducted at an ODRC facility, and each of the witnesses subpoenaed by appellee to give testimony on the nature and extent of

his injuries was an ODRC employee.  Appellee's witnesses were not independent fact witnesses or experts employed by, or under the control of appellee.  Appellee subpoenaed these ODRC employees to appear at trial and the record shows that the witnesses were available to testify.  I also note that the magistrate refused to permit appellee to call a subpoenaed mental health professional employed by ODRC who was available to testify because the witness was not identified on appellee's initial pretrial statement.

{¶ 29} Appellee nevertheless produced sufficient evidence at trial to prevail on the issue of liability.  The record also shows that appellee adequately prepared his case for trial on the issue of damages, even though his pro se inmate status presented certain disadvantages.  Under the particular circumstances of this case, it was certainly reasonable for the court of claims to concluded that appellee would have produced evidence to support a greater award of damages had the magistrate not created confusion and uncertainty regarding the issue to be decided at trial.

{¶ 30} In *Reichert v. Reichert*, 23 Ohio App.3d 67 (9th Dist.1985), the trial court entered judgment for defendant in a medical malpractice action.  When one of the parties discovered that the trial court had not reviewed relevant deposition testimony the trial court granted relief under Civ.R. 60(B)(5).  The court of appeals affirmed, concluding "it was an injustice for the trial court not to consider the medical deposition which it was obligated to consider." *Reichert* at 68.

{¶ 31} In *Dunn Specialty Steels, Inc. v. World Metals, Inc.*, 135 Ohio App.3d 367 (9th Dist.1999), the court of appeals held that the trial court did not abuse its discretion in granting plaintiff relief under Civ.R. 60(B)(5) where the record showed that the trial court had failed to consider an element of plaintiff's damages based on a mistaken belief that the evidence in support of plaintiff's damages violated the physical facts doctrine.  In so holding, the court of appeals noted that the trial court has "considerable discretion" in determining whether to relieve a party of the unfair operation of its own judgment pursuant to Civ.R. 60(B)(5).  *Dunn Specialty Steels, Inc.* at 371, citing *Rowland v. Finkel*, 33 Ohio App.3d 77 (9th Dist.1987).

{¶ 32} Here, the court of claims initially overruled appellee's objection to the magistrate's decision and adopted the magistrate's decision as its own. After being further advised of the circumstances surrounding the damage award and having been provided

with the trial transcript in connection with the motion for relief from judgment, the court of claims reached the conclusion that appellee had been unfairly denied an opportunity to present evidence regarding the nature and extent of his injuries because of several, on the record, comments made by the magistrate and opposing counsel that created an impression that the only issue for trial was ODRC's notice of an impending assault on appellee.  In making this ruling, the court of claims considered appellee's status as pro se inmate in the custody of the opposing party in finding a reasonable person in appellee's position would have elected to release his medical witnesses and limit his own testimony to the liability issue.  On this record, and under these unusual circumstances, I cannot say that the court of claims abused its discretion when it gave some consideration to appellee's pro se status in ruling on appellee's motion for relief under Civ.R. 60(B)(5).

{¶ 33} ODRC next contends that the trial court erred when it considered appellee's claim for relief under Civ.R. 60(B)(5) after having ruled that appellee failed to establish excusable neglect under Civ.R. 60(B)(1).  In support of this argument, ODRC relies on the case *Star Merchandise, LLC v. Haehn*, 10th Dist. No. 16AP-39, 2016-Ohio-8018, wherein this court stated Civ.R. 60(B)(5) cannot be used as a substitute for other specific provisions of Civ.R. 60(B).  *Haehn* at ¶ 32.  ODRC acknowledges, however, that relief under Civ.R. 60(B)(5) is available " 'where the operative facts are either different from and/or are in addition to those contemplated by Civ.R. 60(B)(1) through (4).' "  *State ex rel. Minnis v. Lewis*, 10th Dist. No. 93AP-812, 1993 Ohio App. LEXIS 6458 (1993), quoting *Whitt v. Bennett*, 82 Ohio App.3d 792, 796 (10th Dist.1992).

{¶ 34} To be sure, a "mistake" for purposes of relief under Civ.R. 60(B)(1) is "a mistake of a party or a party's representative, not a mistake by a trial court in rendering its decision." *Davidson v. West*, 10th Dist. No. 18AP-268, 2019-Ohio-224, ¶ 11.  In this case, however, appellee argued, and the court of claims found, the magistrate's confusion of the issues caused or contributed to appellee's decision to release witnesses who could have provided evidentiary support for an award of greater damages.  Thus, the operative facts supporting relief under Civ.R. 60(B)(5) are different or in addition to those contemplated by Civ.R. 60(B)(1).

{¶ 35} There is no question in this case appellee's motion for relief from judgment was timely filed, and the record supports the conclusion that appellee was prepared to

present relevant evidence at trial to establish both the nature and extent of his injuries. The record also supports the conclusion that appellee released subpoenaed witnesses who could have provided such evidence as a result of a confusion of the issues created by the magistrate's, on the record, comments and discussions with opposing counsel. Appellee's misunderstanding of the issues for trial is further evidence by his decision to confine his own testimony primarily to the issue of ODRC's notice of the impending assault by his cellmate rather than expounding on the nature and extent of the injuries he suffered as a result of the assault.

{¶ 36} This court has explained that " '[t]he grounds for invoking Civ.R. 60(B)(5) should be substantial.' " *Stuller v. Price,* 10th Dist. No. 02AP-29, 2003-Ohio-583, ¶ 49, quoting *Caruso-Ciresi* at paragraph two of the syllabus. "The basis for relief must arise from circumstances chargeable to the court or otherwise beyond the control of the moving party. Such a basis does not include an error or omission created by the failure of a party to produce evidence when that party has the duty and the opportunity to do so." *Stuller* at ¶ 49, citing *Templin v. Grange Mut. Cas. Co.,* 2d Dist. No. 12261, 1991 Ohio App. LEXIS 1739 (Apr. 8, 1991).

{¶ 37} In *Stuller,* the trial court granted summary judgment to defendant in plaintiffs' medical malpractice action. Plaintiffs-appellees filed a motion for relief from the judgment arguing that their trial attorney mistakenly omitted certain dispositive averments from their expert physicians' affidavit in opposition to defendant's motion for summary judgment. The trial court denied the motion for relief from judgment and we affirmed. This court determined that the attorney's error was not the type of mistake that would justify relief under Civ.R. 60(B)(5). In so holding, this court noted that "[a]ppellants' failure to present admissible evidence to sustain their reciprocal burden in opposition to appellee's motion for summary judgment *was entirely within their own control as imputed to them through the actions of counsel.* Thus, we do not find that the trial court abused its discretion in [finding] * * * that they were [not] entitled to relief from judgment pursuant to Civ.R. 60(B)(5)." (Emphasis added.) *Stuller* at ¶ 50.

{¶ 38} By contrast, appellee's decision in this case to release his medical witnesses and limit his own testimony to the issue of liability was not a failure attributable solely to appellee. Appellee was provided with notice that the trial at the correctional institution was

not bifurcated as to the issues of liability and damages and that he would be required to present evidence on both issues. The record shows that appellee was prepared to present evidence to support an award of damages in such a proceeding when he subpoenaed his witnesses. Contrary to ODRC's representation, the record shows that appellee understood both the nature and scope of the February 6, 2020 proceedings.

{¶ 39} However, shortly after the proceeding commenced, comments by the magistrate on the record, and the magistrate's discussions with ODRC's counsel, led appellee to believe that the only issue to be decided at the institutional trial was ODRC's notice of the assault upon appellee by his cellmate. The record shows that neither the magistrate nor opposing counsel subsequently addressed or clarified the scope of the proceedings. Though ODRC had no legal obligation to correct any misconception created by the magistrate's comments, the magistrate has a duty of fairness and impartiality to clarify the issues to be determined at trial.

{¶ 40} The court of claims found that a reasonable person in appellee's position would have reached the same conclusion regarding the scope of the trial and likely would have released the subpoenaed medical witnesses and limited his own testimony to the issue of liability. When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. The purpose of Civ. R. 60(B)(1) through (5) is to afford "relief in the interest of justice." *Blasco v. Mislik*, 69 Ohio St.2d 684, 688 (1982). "Any doubt should be resolved in favor of the motion to vacate so that cases may be decided on the merits." *Id.* at 688. The court of claims determined the issue of appellee's damages had never been fairly litigated because appellee did not have a fair opportunity to present evidence establishing the nature and extent of his injuries. On this record, I cannot say that the court of claims acted arbitrarily, unreasonably or capriciously when it determined that this case presented the type of extraordinary circumstances justifying relief from the unfair operation of the court's prior judgment.

{¶ 41} For the foregoing reasons, appellant's sole assignment of error is overruled.

**V. Conclusion**

{¶ 42} Having overruled appellant's sole assignment of error, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., concurring in judgment only.
DORRIAN, J., concurring in judgment only.

_____