[Cite as *Singletary v. Super Store Express L.L.C.*, 2022-Ohio-2637.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Margaret Singletary,                    :

      Plaintiff-Appellee,          :

                            No. 22AP-71
v.                                      :          (M.C. No. 2021 CVI 007174)

Super Store Express LLC,                :          (REGULAR CALENDAR)

                                :

      Defendant-Appellant.          :

                                :

D E C I S I O N

Rendered on August 2, 2022

**On brief:** *Allison L. Harrison Law, LLC,* and *Allison L. Harrison,* for appellant, Super Store Express LLC.[1] **Argued:** *Allison L. Harrison.*

APPEAL from the Franklin County Municipal Court

MENTEL, J.

{¶ 1}  Defendant-appellant, Super Store Express LLC, appeals from a December 29, 2021 entry and order denying its motion for relief from judgment.

{¶ 2}  For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}  This case originates out of the sale of a used vehicle.  On March 12, 2021, appellee filed a complaint against appellant in Franklin County Municipal Court.  Appellant was served by certified mail on March 20, 2021.  A hearing in this case was held on April 20, 2021.  At the request of appellee, the trial was continued to June 3, 2021.  An amended complaint was then filed on April 21, 2021.  The amended complaint was served on

---

[1] Plaintiff-appellee, Margaret Singletary, failed to file a brief in this case. Pursuant to App.R. 18(C), appellee was not permitted to be heard at oral arguments.

appellant by certified mail on May 1, 2021. On May 13, 2021, a letter was submitted to the trial court by an unnamed representative of appellant. The unnamed representative wrote that appellant was not the true party in interest, and appellant did not sell appellee the vehicle at issue in the case. At appellant's request, the trial was continued to July 27, 2021. On the day of trial, appellant failed to appear in court. The magistrate's entry indicates that it granted judgment for appellee awarding her $1,400, plus court costs, and interest at 3 percent per annum from the date of judgment. Appellant failed to file an objection to the magistrate's decision. The trial court adopted the magistrate's decision on July 30, 2021.[2]

{¶ 4} On August 2, 2021, counsel for appellant filed a notice of appearance. On August 16, 2021, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant argued its failure to appear for trial constituted excusable neglect as the "owner, Demetrius Dubai El, had a COVID-19 situation arise which necessitated him missing the hearing. After the situation cleared up, Defendant retained counsel to assist it with remedying this situation." (Aug. 16, 2021 Mot. at 3.)[3] Appellant alleged that it had meritorious defenses to present if relief was granted arguing that the vehicle was purchased from Simmons Quality Auto Sales LLC, not appellant. Appellant also argued that appellee purchased the vehicle "as is," and appellant was not responsible for any future repairs. Finally, appellant contended that it believed other affirmative defenses may arise after the exchange of discovery.[4] On September 21, 2021, appellee filed a letter, with a series of attachments, in response to appellant's Civ.R. 60(B) motion. In the filing, appellee acknowledged that while she purchased the vehicle on October 18, 2019 from Simmons Quality Auto Sales LLC, the "[i]ssuing dealership" on her temporary tag registration was changed to "Super Store Express LLC" on February 2, 2020. (Sept. 21, 2021 Letter, Unmarked Ex.) The temporary tag registration was provided with the filing as an unmarked exhibit. The trial court set a hearing regarding appellant's Civ.R. 60(B) motion for December 29, 2021. The record reflects notices for hearing were processed on December 16, 2021.

---

[2] The trial court's July 30, 2021 decision was not appealed.

[3] We note that appellant did not provide an affidavit or certified documentation with its motion to corroborate his claim of illness during the trial.

[4] On September 14, 2021, counsel for appellant filed a motion to withdraw. The trial court granted the motion on September 27, 2021. Substitute counsel for appellant filed a notice of appearance on October 27, 2021.

{¶ 5}   On December 29, 2021, appellant, again, failed to appear in court.  The trial court denied appellant's Civ.R. 60(B) motion and found the judgment stood as originally rendered.  On December 30, 2021, appellant filed a motion for reconsideration.  While counsel for appellant did not dispute that she was provided notice of the hearing, she argued that she "was away from the office to spend time with family; her staff was similarly allowed time at home.  The time away from the office and the short notice prevented Counsel from requesting a continuance or hiring coverage counsel."  (Dec. 30, 2021 Mot. for Recons. at 1.)  On January 12, 2022, the trial court denied appellant's motion for reconsideration.

{¶ 6}   Appellant filed a timely appeal on January 27, 2022.

## II.  ASSIGNMENT OF ERROR

{¶ 7}   Appellant assigns the following as trial court error:

> The trial court erred in granting judgment against Super Store Express LLC as the Amended Complaint filed by Margaret Singletary did not state a claim against Super Store Express LLC nor did it request relief against Super Store Express LLC.[5]

## III.  LEGAL ANALYSIS

### A.  Appellant's Sole Assignment of Error

{¶ 8}   In appellant's sole assignment of error, it argues the trial court erred in granting "default judgment" as appellee's amended complaint did not state a claim or request relief against appellant.

{¶ 9}   In order to prevail in a Civ.R. 60(B) motion, the movant must demonstrate that "(1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5),

---

[5] Curiously, appellant has asserted three versions of the same assignment of error.  *See* Appellant's Brief at 2 (Table of Contents), "The trial court erred in granting judgment against Super Store Express LLC as the Amended Complaint filed by Margaret Singletary did not state a claim against Super Store Express LLC nor did it request relief against Super Store Express LLC;" *Id*. at 4 (Appellant's Assignment of Error), "The trial court erred in granting judgment against Super Store Express LLC as it is not the bad actor alleged in Margaret Singletary's complaint and relief from such is inappropriate"; and *Id*. at 8 (Argument) (bold removed), "No relief Requested by Appellee against Appellant and therefore Default Judgment is not Legally Permissible."  It is unclear why appellant decided to employ multiple iterations of its sole assignment of error throughout its brief.  Regardless, we conclude, the assignment of error asserted in the table of contents most accurately reflects the substance of appellant's argument.

and (3) the motion is made within a reasonable time." *Myers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-106, 2022-Ohio-1412, ¶ 14, citing *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant is required to satisfy all three of these elements to obtain relief. *Myers* at ¶ 14, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996); *see also GTE Automatic Elec., Inc.* at 151 (finding that the elements under Civ.R. 60(B) should be read in the conjunctive requiring each element to be satisfied for a court to grant relief).

{¶ 10} Civ.R. 60(B) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1) through (5).

{¶ 11} We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion analysis. *Canel v. Holland*, 10th Dist. No. 19AP-570, 2020-Ohio-4797, ¶ 9, citing *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A trial court's discretion under Civ.R. 60(B) is quite broad." *Haynes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-78, 2005-Ohio-5099, ¶ 7, citing *Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc.*, 16 Ohio App.3d 167, 168 (10th Dist.1984). A reviewing court's role is to resolve whether the trial court abused its discretion, not whether it might have reached a different result. *Canel* at ¶ 9, citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991).

{¶ 12} As an initial matter, there is no evidence to support appellant's conclusion that the trial court granted a default judgment in this case. The record indicates the case was reassigned, at appellant's request, "for trial at 1:30 p.m. on 7/27/2021." (June 3, 2021

Mag's. Order.)  On July 27, 2021, the magistrate called the case "for trial at 2:40 P.M. Plaintiff in court.  Defendant[] failed to appear when called."  (July 30, 2021 Mag's. Decision.)  The magistrate granted judgment for appellee awarding her $1,400, plus court costs, and interest at 3 percent per annum from the date of judgment.  The trial court adopted the magistrate's decision in its entirety.

{¶ 13} It is well-established law that a court speaks through its entries.  *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29. This court has defined the term "trial" as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding."  *T&R Properties v. Wimberly*, 10th Dist. No. 19AP-567, 2020-Ohio-4279, ¶ 20, citing *Black's Law Dictionary* 1812 (11th Ed.2019).[6]  Conversely, a "default judgment" is defined by the Supreme Court of Ohio as a "judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading."  *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), citing *McCabe v. Tom*, 35 Ohio App. 73 (6th Dist.1929).  Here, the trial court's repeated use of the word "trial" indicates it performed a formal examination of the evidence and made a legal determination as to the merits of appellee's claim.  While appellant failed to appear at trial, there is no indication in the record that the judgment was based on anything other than the merits.

{¶ 14} Appellant contends, regardless of its failure to appear at trial, relief from judgment should still have been granted under Civ.R. 60(B) as appellee's amended complaint failed to assert a particular claim or allege liability.  Essentially, appellant argues that the amended complaint fails to state a claim upon which relief can be granted.

{¶ 15} Ohio is a notice-pleading state and generally does not require a plaintiff to plead operative facts with particularity.  *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29.  These standards are even more relaxed when commencing a claim in the small claims division.  "[I]n Ohio, Chapter 1925, R.C., provides for a 'small claims' civil procedure.  The small claims action does not contemplate the use of a formal

---

[6] Similarly, to "try" is defined as: "[t]o examine judicially; to examine and resolve (a dispute) by means of a trial."  *T&R Properties* at ¶ 20, citing *Black's Law Dictionary* 1827 (11th Ed.2019).  This court has recognized in other contexts where, even if a party fails to appear, the term "try" indicates a full legal proceeding.  *See, e.g., Id.* (finding that as R.C. 1923.07 expressly states the word "try," "under [the statute], even when a tenant fails to appear after being properly served, the municipal court must conduct a formal judicial examination of the evidence and reach a determination on a complaint for forcible entry and detainer").

complaint prepared by a lawyer or an answer or elaborate discovery procedures." Civ.R. 1, Staff Notes. As set forth in R.C. 1925.04(A), "[a]n action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, states the amount and nature of the plaintiff's claim to the court as provided in this section." The plaintiff must state "the plaintiff's and the defendant's place of residence, the military status of the defendant, and the nature and amount of the plaintiff's claim. *The claim shall be reduced to writing in concise, nontechnical form.*" (Emphasis added.) R.C. 1925.04(B). Civ.R. 1 provides the scope of the Ohio Rules of Civil Procedure. Pursuant to Civ.R. 1(C)(4), the Ohio Rules of Civil Procedure, "to the extent that they would by their nature be clearly inapplicable," do not apply to procedure in small claims matters under R.C. 1925. The commentary provided in Civ.R. 1 explains, "[t]he Rules of Civil Procedure are generally not designed for a small claims proceeding, hence the exclusionary language under Rule 1(C)." Civ.R. 1, Staff Notes.[7]

{¶ 16} The Ohio Rules of Civil Procedure do set forth how and when defenses must be asserted. Specifically, Civ.R. 12 governs waiver of defenses and objections. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 8-9. Civ.R. 12(H)(1) states: "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." Civ.R. 12(H)(1). Similarly, Civ.R. 12(H)(2), affords protection against forfeiture of more substantial Civ.R. 12(B) defenses like failure to state a claim upon which relief can be granted, failure to join a party indispensable under Civil Rule 19, and an objection of failure to state a legal defense to a claim.[8] Relevant to the present case, Civ.R. 12(H)(2) explains that the defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or

---

[7] As we are able resolve this case without reaching the merits, we decline to examine whether the amended complaint at issue conformed with R.C. 1925.04.

[8] In instances where a party alleges the court lacks subject-matter jurisdiction, it may be asserted at any time. " 'Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.' " *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 45, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11; Civ.R. 12(H)(3). In the instant case, however, appellant makes no claim that a jurisdictional defect exists in the amended complaint.

ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits." Civ.R. 12(H)(2).

{¶ 17} In the case sub judice, appellant failed to argue that appellee had not stated a claim upon which relief can be granted in any pleading permitted under Civ.R. 7(A), motion for judgment on the pleadings, or at the trial. Moreover, appellant failed to assert any argument regarding alleged defects in the amended complaint in its Civ.R. 60(B) motion. Appellant has only now raised this argument for the first time on appeal. "Alleged errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal." *Badescu v. Badescu*, 10th Dist. No. 18AP-947, 2020-Ohio-4312, ¶ 25, quoting *Dillon v. Waller*, 10th Dist. No. 95APE05-622, 1995 Ohio App. LEXIS 5860 (Dec. 26, 1995), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975); *see also Sparks v. Klempner*, 10th Dist. No. 11AP-242, 2011-Ohio-6456, ¶ 24, citing *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 ("A party who fails to raise an argument before the trial court waives its right to assert that argument in the appellate court."). Because appellant never raised this argument before the trial court, we find the argument is waived for purposes of this appeal. *See* Civ.R. 12(H)(2); *Badescu* at ¶ 25.

{¶ 18} We also note that appellant has not raised in its brief with this court any of the arguments asserted in its Civ.R. 60(B) motion. Accordingly, we must presume that appellant has abandoned those arguments on appeal. Arguendo, even if those arguments were preserved, we have no way to evaluate whether the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion as it failed to provide a transcript of the proceeding. Appellant bears the burden of demonstrating error by providing the record of the hearing in the trial court. Pursuant to App.R. 9(B), it is appellant's duty to provide this court with a transcript. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without the ability to review the transcript, we must presume the validity

of the trial court's discretionary finding that appellant failed to meet its burden warranting relief from judgment pursuant to Civ.R. 60(B).[9]

{¶ 19} Appellant cites *Ross v. Shively*, 9th Dist. No. C.A. 23719, 2007-Ohio-5118 for the proposition that a trial court cannot grant default judgment when a complaint fails to state a claim against a defendant. A brief review of *Ross* is instructive.

{¶ 20} In *Ross*, the plaintiff filed a complaint alleging personal injuries originating out of an automobile accident. In addition to the driver of the vehicle that struck the plaintiff, Progressive Insurance, State Farm Insurance, and United Healthcare were named as defendants in the case. *Id.* at ¶ 3.[10] The plaintiff's complaint stated she sought a judgment "against the Defendants, jointly and severally, in excess of Twenty-Five Thousand Dollars ($25,000), together with costs and expenses incurred therein." *Id.* at ¶ 4. The trial court entered a default judgment against United Healthcare after it failed to file a response to the complaint. *Id.* Pursuant to Civ.R. 60(B)(5), United Healthcare moved to vacate the judgment, which was denied by the trial court. *Id.*

{¶ 21} The Ninth District Court of Appeals reversed the trial court's judgment finding that "default judgment is only appropriate with respect to parties from whom the plaintiff seeks affirmative relief, default judgment is improper when the complaint fails to state a claim against the defendant." *Id.* at ¶ 10. The *Ross* court also concluded "[t]he improper entry of default judgment constituted substantial grounds for relief from

---

[9] In the interest of clarity, we do note that the record provides some basis for appellee naming appellant, not Simmons Quality Auto Sales, in the amended complaint. First, appellee stated in her responsive filing to appellant's Civ.R. 60(B) motion that she had previously brought a claim against Simmons Quality Auto Sales LLC. Upon a brief review of the Franklin County Municipal Court docket, we take judicial notice that appellant did file a complaint against Simmons Quality Auto Sales. *See Singletary v. Simmons Quality Auto Sales LLC*, Franklin M.C. No. 2020 CVI 018110 (Dec. 8, 2020). While we do not take the statement for the truth of the matter asserted, the trial court's entry of dismissal in the prior case states that plaintiff did not sue the correct individual. "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' " *Woods Cove III, LLC v. Straight*, 10th Dist. No. 17AP-340, 2018-Ohio-2906, ¶ 22, quoting *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20 (further citations omitted). Furthermore, appellee argued that while she purchased the vehicle from Simmons Quality Auto Sales LLC on October 18, 2019, the "[i]ssuing dealership" on her temporary tag registration was changed to "Super Store Express LLC" on February 2, 2020. (Sept. 21, 2021 Memo. in Opp., Unmarked Ex.) Appellee provided a copy of the vehicle's temporary tag registration as an exhibit with her September 21, 2021 filing. Again, we have no transcript of the December 29, 2021 Civ.R. 60(B) hearing and, therefore, no way to evaluate how the trial court addressed this issue. We decline to speculate why the trial court found appellee's claim more persuasive.

[10] The plaintiff was insured by United Healthcare, which covered some of her medical expenses. *Ross* at ¶ 2.

judgment pursuant to Civ.R. 60(B)(5) [when] the default judgment subjected [the defendant] to liability on claims that were not asserted." *Id*. at ¶ 14.

{¶ 22} There are several important distinctions between *Ross* and the present case. First, unlike *Ross*, this case does not concern a default judgment. Here, the record indicates that the magistrate called this matter for trial and granted judgment in favor of appellee. The trial court adopted the magistrate's decision in its entirety after appellant failed to file an objection to the decision. The present case is also distinct from *Ross* as the alleged defects in the *Ross* complaint were asserted at the trial court level in its motion to vacate the judgment under Civ.R. 60(B). Here, appellant failed to include this argument in its Civ.R. 60(B) motion and only raised the issue for the first time on appeal. Furthermore, *Ross* concerned a personal injury matter filed in the Summit County Court of Common Pleas. As such, the *Ross* plaintiff's complaint would have had to conform with the requirements of the Ohio Rules of Civil Procedure instead of R.C. 1925.04, which governs actions commenced in small claims court. Accordingly, we find appellant's reliance on *Ross* misplaced.

{¶ 23} For the foregoing reasons, appellant's sole assignment of error is overruled.

**IV. CONCLUSION**

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____